UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **KEYBANK NATIONAL ASSOCIATION** | : | CASE NO. 1:19-CV-1562-TJM-ATB |
| Plaintiff, | : | JUDGE THOMAS J. MCAVOY |
| v. | : | |
| **MONOLITH SOLAR ASSOCIATES LLC**, *et al.* | : | **FIRST ORDER MODIFYING RECEIVERSHIP ORDER** |
| Defendants. | : | |

Before the Court is the *Verified First Amended Complaint* [Doc. 22] and the letter request of Plaintiff, KeyBank National Association ("**KeyBank**") seeking the modification of the Court's *Order Appointing Receiver* [Doc. 7] (the "**Appointment Order**") to address the needs and circumstances of this case. For the reasons set forth in the letter request, good cause being shown, and the Court finding it has the requisite equitable authority and basis to modify the Appointment Order on an *ex parte* basis, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein;

2. Except as expressly modified herein, all terms of the Appointment Order shall be unaffected hereby and shall remain in full force and effect;

3. The term "Defendants" as used in footnote 1 to the Appointment Order shall be read to include Defendant, Solar Management Group, LLC ("**SMG**");

4. The term "Defendant Representatives" as used in paragraph F of the decretal section of the Appointment Order shall be read to include SMG's management companies, managers, officers, employees, agents, assignees, successors, representatives, attorneys,

accountants, members, and all persons who claim under or act in concert with them ("**SMG Representatives**");

5.   For the avoidance of doubt (and not by way of limitation), the Receivership Property shall include the operation, management, income, property (real, personal, tangible, intangible) and assets of SMG of any nature whatsoever; and (ii) all of Messrs. Fobare's and Erby's equity interests in the SMG (including without limitation the right to exercise exclusive authority and control of such equity interests and all governance, management and other rights associated therewith);

6.   The Court adopts the findings of fact in decretal paragraphs A through L of the Appointment Order as if fully restated herein and concludes that the modification requested by KeyBank's Motion is necessary and appropriate for the preservation of the Receivership Property, does not impose an undue or unfair hardship on Defendants (including SMG), and is in the public interest;

*REMAINDER OF PAGE INTENTIONALLY BLANK*

7. This Order shall be effective immediately upon its entry and for all purposes. Within five days of the entry of this Order, the Receiver shall serve a copy of this Order on all creditors of SMG and any other known party in interest (unless such creditor or other party has previously been served with a copy of the Appointment Order). Any objection to this Order insofar as such objection pertains to the inclusion of SMG and SMG Representative(s) within the scope of the Appointment Order must be filed no later than twenty-eight (28) days after entry of this Order. In the event any such objection is timely filed, this Court shall hold a hearing on all such objections on a date and at a time to be established by this Court. Pending any such hearing, this Order shall remain in full force and effect and any actions taken pursuant hereto shall survive entry of, and shall take precedence with respect to, any subsequent order.

**IT IS SO ORDERED. THIS IS A FINAL APPEALABLE ORDER, AND THERE IS NO JUST REASON FOR DELAY.**

DATED: January 9, 2020

Thomas J. McAvoy
Senior, U.S. District Judge