UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEY BANK NATIONAL ASSOCIATION,

        Plaintiff,                Case No. 1:19-CV-1562-DNH-ATB

v.

MONOLITH SOLAR ASSOCIATES, LLC, et al.,

        Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL RELIEF FROM STAY**

 

GIRVIN & FERLAZZO, P.C.
*Attorneys for Dealer Services 2.0, LLC d/b/a Lotus*
20 Corporate Woods Blvd.
Albany, New York 12211
Tel:   (518) 462-0300
Fax:  (518) 462-5037

*Of Counsel:*

Salvatore D. Ferlazzo, Esq.
Bar Roll No. 101634

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

CONCLUSION .................................................................................................................. 5

**PRELIMINARY STATEMENT**

This motion seeking partial relief from the stay provision of this Court's Receivership Order of December 20, 2019 is filed on behalf of Dealer Services 2.0, LLC d/b/a Lotus ("Lotus"). Lotus respectfully moves this Court for an order (A) partially lifting the stay on continuation of litigation against the defendants in this action, and (B) granting Lotus leave to name the receiver in this action as a defendant in Lotus's pre-existing state court action against Defendant Monolith Solar Associates, LLC ("Monolith"). Lotus was granted leave to file this non-party motion by this Court's text order of January 27, 2020 (Dkt. No. 65).

**BACKGROUND**

Lotus is a provider of various financial, accounting, and other professional services. On April 9, 2019, Lotus and Monolith entered into a contract in which Lotus agreed to provide certain professional services in exchange for payment of a monthly fee by Monolith. A few months later, Monolith breached the contract by ceasing to pay its monthly fee. On December 10, 2019, Lotus commenced a breach of contract action in state court seeking to collect the remainder of its fees due under the contract in the sum of $112,583.47 plus interest and collection costs ("Rensselaer Action"). The Summons and Complaint in this action (*Dealer Services 2.0, LLC d/b/a Lotus v. Monolith Solar Associates, LLC*, Rensselaer County Supreme Court, Index. No. EF2019-265062) are attached to the accompanying Affidavit of Salvatore D. Ferlazzo, Esq. ("Ferlazzo Aff.") as Exhibit A. Service on Monolith was completed on December 16, 2019. Ferlazzo Aff., ¶ 4, Ex. B.

KeyBank subsequently commenced this federal diversity action on December 18, 2019, and Daniel Scouler was appointed on December 20, 2019, pursuant to Article 64 of the New York Civil Practice Law and Rules ("CPLR"), as the temporary receiver of all real and personal property of the Defendants in this action, including but not limited to Monolith (Dkt. No. 7, "Receivership Order").  In this capacity, the receiver has complete custody and control over all of Defendants' assets and complete authority to manage all of Defendants' ongoing business affairs.  All creditors are enjoined from commencing or continuing claims against any of the Defendants "without first obtaining an order from this Court permitting such action."  Receivership Order, ¶ 21.  My office first received notice of the receivership on January 13, 2020 via a letter from the receiver's counsel.  Ferlazzo Aff., ¶ 5, Ex. C.

Lotus now seeks an order granting partial relief from the stay permitting Lotus to continue the Rensselaer Action.  Additionally, in accordance with New York receivership law, Lotus seeks leave to name the receiver (only in his capacity as a representative of Monolith) as a defendant in the Rensselaer Action.

## ARGUMENT

As a preliminary matter, the stay in this action is not an automatic bankruptcy stay.  It was imposed in connection with the appointment of the receiver pursuant to New York law in this foreclosure action, which is pending in the Northern District of New York due to diversity jurisdiction.  Accordingly, it is governed by CPLR 2201, which grants courts expansive authority to impose (and, by implication, lift), stays "upon such terms as may be just."  The Receivership Order confirms that this Court can issue orders granting creditors permission to pursue claims against the Defendants to this action.  As set forth more fully below, it is

2

appropriate here for Lotus to be afforded leave from the stay, for the limited purpose of pursuing its pre-existing state court action.

Nonetheless, by way of illustration, bankruptcy law sets forth a "for cause" standard which must be met for an automatic bankruptcy stay to be lifted. *See* U.S.C. § 362(d)(1). The test for whether a bankruptcy stay should be lifted to permit state court actions to proceed involves consideration of the following factors: (a) whether great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the state proceedings; (b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor of permitting proceedings to go forward; and (c) whether the non-debtor party has a likelihood of prevailing on the merits. *See, e.g.*, *In Re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (D. N.E. Ill. 1986); *In Re Salisbury,* 123 B.R. 913, 915 (S.D. Ala. 1990); *In Re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). In addition, "a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but [rather, a decision to lift the stay is merely] a determination that [their] claim is sufficiently plausible to allow its prosecution elsewhere." *See Grella v. Salem Five Cent Savings Bank*, 42 F. 3d 26, 34 (1994).

Here, each of these factors favors Lotus. Neither the Defendants in this action nor their estate (that is, the assets now controlled by the receiver) will suffer great prejudice if Lotus is permitted to pursue its claim. Lotus seeks money damages only, in a comparatively modest sum, so its claim will have no meaningful impact on the rights of the Defendants' secured creditors (e.g., Plaintiff Key Bank National Association and intervenor Capital Communications Federal Credit Union) to the Defendants' real property and tangible property. Lotus's claim is

against just one of the numerous Defendants named in this federal action and will not meaningfully diminish the value of the Defendants' overall assets.

Conversely, Lotus has already suffered and continues to suffer harm as a result of not being paid what it was owed under its contract with Monolith, and would be further prejudiced by being forced to wait for the resolution of this highly complex multi-party foreclosure proceeding before being allowed to pursue its breach of contract claim in state court. Although the Rensselaer Action was already pending when this federal action was commenced, it is still in the very early stages of litigation. Monolith's answer has not been filed, and no discovery has been completed. Allowing the Rensselaer Action to proceed would allow Lotus to gather evidence and prove its claim in a timely fashion.

Furthermore, Lotus seeks only partial relief from the stay – namely, an Order permitting Lotus to continue prosecuting the Rensselaer Action, but not to collect any judgment obtained in that action without a further order from this Court. Such terms will fully prevent any prejudice that could otherwise result from allowing a lawsuit against Monolith to proceed.

Lotus has a likelihood of prevailing on the merits of its breach of contract claim. Its state court Complaint (Ferlazzo Aff., ¶ 3, Ex. A), to which Lotus's written contract with Monolith is attached, demonstrates Lotus's claim.

Finally, in accordance New York receivership law, Lotus seeks this Court's leave to join the receiver, in his capacity as the representative of Monolith, as a party in the Rensselaer Action. *See Schwartz v Kurlander*, 279 AD2d 465, 465 (2d Dept 2001) (stating the New York rule that leave of court should be obtained before a receiver is sued in his representative capacity).

4

## CONCLUSION

WHEREFORE, Dealer Services 2.0, LLC d/b/a Lotus respectfully requests that this Court:

1. Grant this motion to partially lift the stay to permit Dealer Services 2.0, LLC d/b/a Lotus to proceed with its state court action, *Dealer Services 2.0, LLC d/b/a Lotus v. Monolith Solar Associates, LLC*, Rensselaer County Supreme Court, Index. No. EF2019-265062;

2. Permit Lotus to name the receiver, in his capacity as a court-appointed representative of Monolith Solar Associates, LLC, as a party in the above-referenced Rensselaer County action; and

3. Grant such other and further relief as this Court deems just and proper.

Dated: February 3, 2020

GIRVIN & FERLAZZO, P.C.

By: _____
Salvatore D. Ferlazzo, Esq.
Bar Roll No. 101634
*Attorneys for Dealer Services 2.0, LLC d/b/a Lotus*
20 Corporate Woods Blvd.
Albany, New York 12211
Tel: (518) 462-0300
Fax: (518) 462-5037
sdf@girvinlaw.com

TO: **VIA CM/ECF**

Barry M. Kazan, Esq.
Thompson, Hine Law Firm
Barry.Kazan@ThompsonHine.com
*Attorney for Plaintiff Key Bank National Association*

5

Justin A. Heller, Esq.
Brian D. Deinhart, Esq.
Nolan Heller Kauffman LLP
bdeinhart@nhkllp.com
jheller@nhkllp.com
*Attorney for Daniel Scouler, Court Appointed Receiver for Defendants*

Christopher M. Desiderio, Esq.
Eric M. Ferrante, Esq.
Nixon Peabody LLP
cdesiderio@nixonpeabody.com
*Attorneys for Hancock Whitney Equipment Finance and Leasing, LLC*

Meghan M. Breen, Esq.
Lemery Greisler LLC
mbreen@lemerygreisler.com
*Attorney for Pioneer Bank*

Stephan Hornung, Esq.
Luskin, Stern & Eisler LLP
hornung@lsellp.com
*Attorney for M&T Bank*

Lee E. Woodard, Esq.
Harris Beach PLLC
lwoodard@harrisbeach.com
*Attorneys for Green Mountain Electrical Supply, Inc.*

John D. Rodgers, Esq.
Deily & Glastetter, LLP
jrodgers@deilylawfirm.com
*Attorney for Intervenor Capital Communications Federal Credit Union*

**VIA REGULAR MAIL**

Steven A. Erby
*Pro Se Defendant*
6 Hallenbeck Hill
East Greenbush, NY 12061