UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **KEYBANK NATIONAL ASSOCIATION,** | : | CASE NO. 1:19-CV-1562-DNH-ATB |
| Plaintiff, | : | JUDGE DAVID N. HURD |
| v. | : | **RESPONSE OF PLAINTIFF KEYBANK NATIONAL ASSOCIATION TO LETTER MOTION OF DEALER SERVICES 2.0, LLC D/B/A LOTUS FOR PARTIAL RELIEF FROM STAY** |
| **MONOLITH SOLAR ASSOCIATES LLC,** *et al.*,[1] | : | |
| Defendants. | : | |

Plaintiff, KeyBank National Association ("**KeyBank**"), files this response (the "**Response**") to the Motion for Partial Relief from Stay [Doc. 70] (the "**Motion**") of Dealer Services 2.0, LLC d/b/a Lotus ("**Lotus**"). For the reasons that follow, KeyBank respectfully requests this Court deny the Motion.

I.   **BACKGROUND**

On December 20, 2019, the Court entered the Appointment Order [Doc. 7] (the "**Appointment Order**") appointing Daniel Scouler receiver (the "**Receiver**") for the Receivership Property (as defined in the Appointment Order). The Appointment Order enjoined all creditors from commencing or continuing claims against any of the Receivership Defendants "without first

---

[1] The "**Receivership Defendants**" are: Albany CSD Solar 1 LLC; Albany CSD Solar 2 LLC (FKA MSAP 9 LLC); Amsterdam Reservoir Solar 1 LLC; City of Albany Solar 1 LLC; City of Albany Solar 2 LLC; City of Albany Solar 3 LLC (FKA MSAP 6 LLC); City of Troy Solar 1 LLC; Community Solar 1 LLC (FKA MSAP 8 LLC); Cordell Road Solar 1 LLC; Craryville Two Town Road Solar 1 LLC; Craryville Two Town Road Solar 2 LLC; Granville CSD Solar 1 LLC; Johnsonville Route 7 Solar 1 LLC; Key Solar 1 LLC (FKA MSAP 7 LLC); Load Zone A LLC; Load Zone B and C LLC; Load Zone D and E LLC; Load Zone F LLC; Load Zone G LLC; Marion Warner Road Solar 1 LLC; Mayfield CSD Solar 1 LLC; Monolith Solar Associates LLC; MSAP 10 LLC; MSAP 11 LLC; MSAP 12 LLC; MSAP 14 LLC; NYSDOT Solar 1 LLC (FKA MSAP 5 LLC); Rensselaer County Solar 1 LLC; Rensselaer County Solar 2 LLC (FKA MSAP 4 LLC); Route 7 Solar Farm 1 LLC; Russell Sage Solar 1 LLC; Sae Sun and Earth Energy Incorporated; Sand Lake Eastern Union Turnpike Solar 1 LLC; Schenectady Hetcheltown Road Solar 1 LLC; Schenectady Ice Rink Solar 1 LLC; Schuylerville CSD Solar 1 LLC; Scotia Glenville CSD Solar 1 LLC; Seward Pine Hill Road Solar 1 LLC; Seward Pine Hill Road Solar 2 LLC (FKA MSAP 3 LLC); Smithville Tarbell Road Solar 1 LLC; Solar Energy Properties LLC; Solar Management Group 2013, LLC; Solar Management Group, LLC; Solar Vista LLC; Vista Management Group LLC; Schenectady Hetcheltown Road Solar 2 LLC (FKA Manheim State Route 167 Solar 1 LLC); and Salem County Route 153 Solar 1 LLC. The "**Defendants**" are the Receivership Defendants, defendant Steven A. Erby ("**Mr. Erby**"), and defendant Mark Fobare ("**Mr. Fobare**").

obtaining an order from this Court permitting such action." Receivership Order, ¶ 21. On January 9, 2020, the Court entered the First Order Modifying the Receivership Order [Doc. 30] (the "**Modification Order**"). The Modification Order extended the purview of the Appointment Order by expanding the Receiver's authority over all of the Receivership Defendants.

On January 24, 2020, Lotus filed the Letter Motion for Leave to File Papers in Connection with Receivership Order [Doc. 60] (the "**Letter Motion**"). On that same day, the Court granted the Letter Motion via text order.

On February 3, 2020, Lotus filed the Motion seeking partial relief from the stay in order to: (i) continue litigation (the "**State Litigation**") commenced on December 10, 2010 against one of the Receivership Defendants, Monolith Solar Associates LLC ("**Monolith Solar**"); and (ii) name the Receiver (not individually, but solely in his capacity as the Receiver) as a defendant in the State Litigation. The State Litigation alleges breach of contract damages of $112,583.47, plus interest and costs. Importantly, the Motion acknowledges that Lotus does not have a security interest in the Receivership Property. *See* Motion, p. 3 ("[The State Litigation] will have no meaningful impact on the rights of the [Receivership] Defendants' secured creditors[.]"). Thus, assuming, *arguendo*, that Lotus would be successful in the State Litigation, it would at best only hold an unsecured claim against Monolith Solar. As of the date of this filing, the Receiver has not yet determined whether assets will be available for distribution to unsecured creditors. *See* Doc. 83, ¶ 6 ("In the event…the Business and Receivership Property are eventually of sufficient value to provide a source of payment to unsecured creditors, a Court approved, orderly claims process could be implemented.").

## II.     THE MOTION SHOULD BE DENIED

KeyBank joins the Receiver's opposition to the Motion.  *See* Doc. 83. The Motion should be denied because the law heavily favors the imposition of the stay.  When reviewing a motion to lift a litigation stay imposed by a receivership court, the Second Circuit analyzes the following factors: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.  *See SEC v. Byers*, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008). Even if the moving party's underlying claim is meritorious, the court may continue to impose the stay when the first two elements favor its imposition.  *See id.* at 537 ("Even assuming the Movants' claims are strong, however, the other two [] factors weigh heavily against lifting the injunction"); *see also SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) ("where the motion for relief from the stay is made soon after the receiver has assumed control over the estate, the receiver's need to organize and understand the entities under his control may weigh more heavily than the merits of the party's claim"); *see also United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443–44 (3d Cir. 2005) (holding that "very early in a receivership even the most meritorious claims might fail to justify lifting a stay given the possible disruption of the receiver's duties").

This analysis overwhelmingly supports denial of the Motion.  The first element heavily favors denying the Motion because the stay undeniably maintains the status quo.  In support of the Motion, Lotus alleges that the Receivership Defendants will not suffer great prejudice if Lotus is permitted to continue the State Litigation because Lotus is only seeking relief to prosecute—and not collect—its claims and that Lotus is "prejudiced by being forced to wait for the resolution of this highly complex multi-party foreclosure proceeding before being allowed to pursue [the State

Litigation]." The Motion does not articulate *why* Lotus' inability to pursue its unsecured claim produces a unique harm that justifies Lotus receiving special treatment not afforded to all other unsecured creditors.

Instead, the stay undeniably preserves the status quo. The Motion alleges that the State Litigation "will not meaningfully diminish the value of the [Receivership] Defendants' overall assets. However, the Motion states that Monolith Solar has not yet filed an answer in the State Litigation and that discovery has not yet been performed. Accordingly, Lotus admits that Monolith Solar will necessarily be forced to incur the costs associated with defending the State Litigation. Such costs would directly prejudice all other creditors as it diminishes their potential recovery. The stay is imposed to protect against such disparate treatment of creditors.

The second element, which concerns the time the lift stay request is made, also weighs in favor of denying the Motion because Lotus' request was made during the early stages of these receivership proceedings. The Receiver still does not know whether there will be assets remaining to distribute to unsecured creditors. Thus, Lotus is requesting this Court grant it special treatment as a *potential* unsecured creditor that is guaranteed to diminish the Receivership Property without the guarantee that known and undisputed unsecured creditors will receive any distribution at all. Rather than seek relief from stay, Lotus should instead wait for the Receiver to determine whether assets will be available for distribution to unsecured creditors. If so, Lotus may then file a claim in accordance with those procedures like all other unsecured creditors without forcing the receivership estate to bear potentially unnecessary expense in the interim.

Because the first two elements heavily favor imposing the stay, the third element is irrelevant because, even assuming the Lotus claim is meritorious, there may not be any recovery available on its account.

## III. CONCLUSION

In accordance with the foregoing, KeyBank respectfully requests this Court deny the Motion because the relief it seeks would unfairly prejudice all other creditors and distract the Receiver from his other important duties, all on the speculative basis of the merits of Lotus' underlying claim.

Dated: February 25, 2020
Dayton, Ohio

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Jonathan S. Hawkins*
Jonathan S. Hawkins
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342
Telephone: 937.443.6860
Facsimile: 937.443.6635
Jonathan.Hawkins@ThompsonHine.com

*Counsel for KeyBank National Association*