

UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION   )
                               )
                    Plaintiff, )   Case No: 1:19-cv-01562
v.                             )
                               )
MONOLITH SOLAR ASSOCIATES LLC, et )
al.[1]                         )
                               )
                    Defendants )
_____)

### STIPULATION AND ORDER WITH PIONEER BANK REGARDING PROPERTY SALE AND FORECLOSURE

WHEREAS, KeyBank National Association filed a Complaint against the Defendants on December 18, 2019 in the United States District Court, Northern District of New York (the "Court") and on the same date filed an Order to Show Cause for the Appointment of a Receiver; and

WHEREAS, on December 20, 2019, this Court signed and entered an Order Appointing a

---

[1] The defendants are: Steven A. Erby ("Mr. Erby"); Mark Fobare ("Mr. Fobare"); Monolith Solar Associates LLC; SAE Sun and Earth Energy Inc.; Solar Management Group 2013, LLC; Schenectady Hetcheltown Road Solar 1, LLC; Schenectady Hetcheltown Road Solar 2, LLC; Schenectady Ice Rink Solar 1, LLC; Craryville Two Town Road Solar 1, LLC; Craryville Two Town Road Solar 2, LLC; Marion Warner Road Solar 1, LLC; City of Albany Solar 1, LLC; Albany CSD Solar 1, LLC; Scotia Glenville CSD Solar 1, LLC; Mayfield CSD Solar 1, LLC; Rensselaer County Solar 1, LLC; Rensselaer County Solar 2, LLC; Seward Pine Hill Road Solar 1, LLC; Seward Pine Hill Road Solar 2, LLC; Schuylerville CSD Solar 1, LLC; Johnsonville Route 7 Solar 1, LLC; Cordell Road Solar 1, LLC; Granville CSD Solar 1, LLC; Smithville Tarbell Road Solar 1, LLC; Solar Energy Properties, LLC; Load Zone A LLC; Load Zone B and C LLC; Load Zone D and E LLC; Load Zone F LLC; Load Zone G LLC; Route 7 Solar Farm 1, LLC; Amsterdam Reservoir Solar 1, LLC; City of Albany Solar 2, LLC; City of Troy Solar 1, LLC; Russell Sage Solar 1, LLC; Salem County Route 153 Solar 1, LLC; Sand Lake Eastern Union Turnpike Solar 1, LLC; Solar Vista LLC; Vista Management Group LLC; NYSDOT Solar 1 LLC; City of Albany Solar 3 LLC, Key Solar 1 LLC; Community Solar 1 LLC; Albany CSD Solar 2 LLC; MSAP 10 LLC; MSAP 11 LLC; MSAP 12 LLC; and MSAP 14 LLC (collectively, the non-individual entities identified herein are the "Defendants" and each is a "Defendant").

{LG 00375051 4 }                    1

Receiver (D.N. 7) (the "Receiver Order"), which, among other things appointed Daniel Scouler as the receiver ("Receiver") and granted the Receiver possession, control and management of the Defendants' assets; and

WHEREAS, paragraph 21 of the Receiver Order contained a broad stay as follows:

> Without first seeking permission of this Court via motion and notice to the parties to this action, all creditors, claimants, bodies politic, parties in interest, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any act to enforce any claim against the Defendants and the Receivership Property without first obtaining an order from this Court permitting such action. All such entities are further stayed from executing or issuing or causing the execution or issuance from any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of Receiver's duties in this proceeding.

*See* Receiver Order, ¶ 21; and

WHEREAS, on or about March 25, 2019, Pioneer Bank f/k/a Pioneer Savings Bank ("Pioneer") commenced a foreclosure action in the Albany County Supreme Court, in an action titled *Pioneer Savings Bank v. SAE Sun and Earth Energy Incorporated, et al.* Index No. 901710-19 (the "Albany Action"), to foreclose its mortgage lien on certain real property commonly known as 85 Vista Boulevard, Bethlehem, New York and at Tax Map Id: 74.00-1-29.20 ("Albany Property"); and

WHEREAS, in the Albany Action, on November 4, 2019 Acting Supreme Court Justice James H. Ferreira executed an Order Granting Default Judgment, Summary Judgment, and the Appointment of a Referee to Compute from Acting Supreme which was entered in the Albany County Clerk's Office on November 15, 2019; and

WHEREAS, on or about March 27, 2019, Pioneer commenced a foreclosure action in the Rensselaer County Supreme Court, in an action titled *Pioneer Savings Bank v. Mark R. Fobare*, Index No. 2019-262758 (the "Rensselaer Action" and together with the Rensselaer Action, the "Foreclosure Actions") to foreclose its mortgage lien on certain real property commonly known as 444 Washington Street, Rensselaer, New York and at Tax Map ID: 143.68-1-1 ("Rensselaer Property"); and

WHEREAS, in the Rensselaer Action, on December 4, 2019 Supreme Court Justice Raymond J. Elliott, III executed a Judgment of Foreclosure and Sale and Order Awarding Attorney's Fees, Costs, and Disbursements, Discontinuing Action for Two Defendants, and Amending Caption ("Rensselaer JFS") which was entered in the Rensselaer County Clerk's Office on December 12, 2019; and

WHEREAS, the Rensselaer JFS awarded Pioneer a judgment in the amount of $274,215.31, plus post judgment interest at the rate of 9% per annum;

WHEREAS, Pioneer was preparing its motion for a Judgment of Foreclosure and Sale in the Albany Action and a notice of sale in the Rensselaer Action when it learned of the commencement of this action and the Receiver Order; and

WHEREAS, pursuant to the Receiver Order the Court imposed a stay against all creditor actions which, by its terms, prohibits Pioneer from proceeding with its foreclosure actions; and

WHEREAS, the Receiver believes that there may be equity in the Rensselaer Property to benefit other creditors but does not believe there is any equity in the Albany Property;

WHEREAS, Pioneer and the Receiver have discussed and negotiated how to proceed with respect to the Foreclosure Actions, and for good and valuable consideration, Pioneer and the Receiver agree to the following resolution;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. <u>Recitals:</u> The above recitals are hereby incorporated herein by reference and are true and correct.

2. <u>Albany Action.</u> Pioneer shall be granted relief from the stay imposed by the Receiver Order to proceed with the Albany Foreclosure action, including noticing a sale and selling the Albany Property by and through a referee appointed by the state court. Pioneer shall advise the Receiver of any cash surplus resulting after the foreclosure sale of the Albany Property.

3. <u>Rensselaer Action.</u> Pioneer shall remain stayed from continuing the Rensselaer Action.

   a. The Receiver agrees to:
      i. promptly retain a commercial real estate broker, which broker shall be subject to Pioneer's approval, not to be unreasonably withheld, and Court approval, to market and sell the Rensselaer Property with a closing date to be held on or after six months from the date of entry of this Stipulation and Order, unless the Receiver consents to an earlier closing date in his business discretion;
      ii. to pay from the proceeds of sale Pioneer's outstanding judgment amount, with ongoing statutory interest, from the sale proceeds at closing;
      iii. commencing on March 1, 2020 and for each month thereafter until the Rensselaer Property is sold, Receiver agrees to pay Pioneer the original monthly loan payment for the Rensselaer loan in the amount of $1,768.71.

    b. Pioneer agrees that upon receipt of payment in full it shall release its mortgage lien and, within a reasonable time thereafter, discontinue the Rensselaer Action.

4. <u>Court Approval</u>. Pursuant to the terms of the Receiver Order, the Receiver shall make a motion to the Court to approve the terms of this Stipulation in Order, specifically, the provision granting Pioneer relief from the stay to continue the Albany Action. This Stipulation and Order shall become void if it is not approved by the Court.

5. <u>Reservation of Rights</u>. In the event of deficiencies Pioneer reserves all rights and remedies to pursue guarantors that are not parties to this action and to file claims for such deficiencies in this action as the Court's procedures may allow. This Stipulation and Order is without prejudice to the rights to Pioneer to otherwise seek relief from the stay should it deem it necessary and the right of the Receiver to oppose such relief.

6. <u>Jurisdiction</u>. This Court shall retain jurisdiction with respect to the enforcement of the Stipulation and Order.

*[reminder of change intentionally blank]*

7.  <u>Counterparts and Signatures.</u> This Stipulation and order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute the same instrument. E-mailed and electronic signatures shall be deemed to have the same effect as original signatures.

Dated: February 21, 2020

DANIEL SCOULER, RECEIVER

*Daniel Scouler*

Dated: February 10, 2020

PIONEER BANK

By: Joseph Fleming
Its: Chief Credit Officer

**SO ORDERED:**

Dated: February 27, 2020

*David N. Hurd*

Honorable David N. Hurd
U.S. District Judge

{LG 00375061 4}                                    6