UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

                                                    Plaintiff,

                    -against-                                        Case No. 1:19-cv-01562-DNH-
                                                                                          ATB
MONOLITH SOLAR ASSOCIATES LLC, et al.,

                                                    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY NON-PARTY GARY HICKOK IS NOT IN CONTEMPT OF THE COURT'S ORDER APPOINTING RECEIVER

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Dan Scouler, Court-Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

## **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ i

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................2

CONCLUSION..................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Baez v. City of Schenectady*, 2017 U.S. Dist. LEXIS 181190 (N.D.N.Y. 2017)............................ 5

*Hester Indus. v. Tyson Foods*, 985 F. Supp. 236 (N.D.N.Y. 1997)................................. 3

*In re Kitchen*, 706 F.2d 1266 (2d Cir. 1983) ................................. 4

*In re Tyler*, 149 U.S. 164 (1893)................................. 4

*Int'l Union v. Bagwell*, 512 U.S. 821 (1994) ................................. 4, 5

*Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543 (6th Cir. 2006)......................... 4

*New York State NOW v. Terry*, 952 F. Supp. 1033 (S.D.N.Y. 1997) ............................. 5

*SEC v. Credit Bancorp, Ltd.*, 2000 U.S. Dist. LEXIS 9755 (S.D.N.Y. 2000)........................... 4, 5

*Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F. Supp. 126 (S.D.N.Y. 1995) ........................... 4

## PRELIMINARY STATEMENT

Dan Scouler, the Court-appointed Receiver in this action ("**Receiver**"), submits this Memorandum of Law in support of his application for an Order to Show Cause why non-party Gary Hickok should not be found in contempt for this Court's Order Appointing Receiver, as modified from time to time, and most recently by Second Order Modifying Receivership Order dated February 27, 2020 [Dkt. No. 96] (the "Order Appointing Receiver") Paragraph 21 of the Order Appointing Receiver states, in relevant part,

> Without first seeking permission of this Court via motion and notice to the parties to this action, all creditors, claimants,…parties in interest,…and all other persons…be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any act to enforce any claim against the Defendants and the Receivership Property without first obtaining an order from this Court permitting such action. All such entities are further stayed…from doing any act or thing whatsoever to interfere with the Receiver in the discharge of Receiver's duties in this proceeding.

Despite ample notice of the Order Appointing Receiver and the referenced provision therein, Mr. Hickok has repeatedly and impermissibly interfered with the Receiver's control of the Receivership Property (1) by prohibiting the Receiver from accessing premises leased from Mr. Hickok to the Receivership Defendants for the purposes of operating photovoltaic ("**PV**") systems, and (2) by disconnecting the Receivership Defendant's PV systems from the power grid, thereby depriving the Receiver of revenue from the PV systems, creating potential liabilities under the Receivership Defendant's agreements with the purchaser of the power generated by the PV system installed at the premises, and (3) by interrupting the payment of lease and debt service payments to the secured creditors that financed the subject PV systems. As explained herein, Mr. Hickok's actions are contemptuous and, as such, Mr. Hickok is liable to the Receiver for the damages caused by his contempt, including the lost revenue resulting from Mr. Hickok's disconnecting the PV systems, and the Receiver's attorney's fees and costs associated with enforcing the relevant provisions of the Order Appointing Receiver. In addition, the Receiver respectfully requests that

1

the Court impose a daily fine on Mr. Hickok until such time as he purges his contempt by (1) arranging with the Receiver to access the leased premises and (2) reconnecting Monolith's PV system to the power grid.

The relevant facts are set forth in detail in the accompanying Declaration of Daniel Scouler.

## **ARGUMENT**

An individual should be found in contempt where it is shown that: "'(1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply.'" *Hester Indus. v. Tyson Foods*, 985 F. Supp. 236, 243 (N.D.N.Y. 1997) (quoting *Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F. Supp. 126, 133 [S.D.N.Y. 1995]). "No rule is better settled than that when a court has appointed a receiver, his possession is the possession of the court, for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court; and that if any person, without leave, intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment therefor." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 552 (6th Cir. 2006) (quoting *In re Tyler*, 149 U.S. 164, 182, 13 S. Ct. 785, 37 L. Ed. 689 [1893]). Civil contempt "need be proven only by clear and convincing evidence and there is no right to a jury trial." *SEC v. Credit Bancorp, Ltd.*, 2000 U.S. Dist. LEXIS 9755, *10 (S.D.N.Y. 2000) (citing *Int'l Union v. Bagwell*, 512 U.S. 821, 832 [1994], and *In re Kitchen*, 706 F.2d 1266, 1272 [2d Cir. 1983]).

Here, the language of the Order Appointing Receiver explicitly prohibits any person from "from doing any act or thing whatsoever to interfere with the Receiver in the discharge of Receiver's duties in this proceeding." The Receiver's duties include operating Monolith Solar Associates LLC as a going concern. Mr. Hickok was repeatedly notified of the Order Appointing Receiver and the relevant provisions therein. Nonetheless, Mr. Hickok has deliberately chosen to

prohibit the Receiver's access to the premises leased by Monolith on Mr. Hickok's property. Most egregiously, Mr. Hickok has disconnected the PV systems which has resulted in a loss of revenue, defaults under Monolith's contractual obligations under its power purchase agreements for the PV systems, and defaults under its sale leaseback and loan terms with its secured creditors that financed the PV systems.  Given the clear wording in the Order Appointing Receiver that such action is prohibited, Mr. Hickok's actions are in deliberate contempt of the Court's Order Appointing Receiver.

Sanctions for contempt "can be of a coercive nature to secure future compliance with court orders, or to compensate the party that has been damaged by the non-compliance, or both." *Baez v. City of Schenectady*, 2017 U.S. Dist. LEXIS 181190, at *7 (N.D.N.Y. 2017).

> "The paradigmatic coercive, civil contempt sanction…involves confining a contemnor indefinitely until he complies with an affirmative command such as 'to pay alimony, to surrender property ordered to be turned over to a receiver, or to make a conveyance…. A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. Like civil imprisonment, such fines exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged."

*Credit Bancorp*, 2000 U.S. Dist. LEXIS 9755 at *8-9 (quoting *Bagwell*, 512 U.S. at 828-29). "Providing compensation for harm caused by a contemnor is an appropriate compensatory purpose for a civil contempt fine." *Id.* at 15. Further, "[i]t is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior." *New York State NOW v. Terry*, 952 F. Supp. 1033, 1043 (S.D.N.Y. 1997) (collecting cases).

Due to Mr. Hickok's deliberate and continuous contempt of the Court's explicit direction in the Order Appointing Receiver that no person shall interfere with the Receiver's duties thereunder, the Receiver requests that the Court order Mr. Hickok to purge his contempt as follows:

a.  Mr. Hickok should be required to reimburse the Receiver for his attorneys' fees and expenses for bringing this motion, the necessity of which was created by Mr. Hickok's contempt.

b.  Mr. Hickok should be required to pay a fine, payable to the Receiver, in an amount equal to the lost revenue resulting from Mr. Hickok disconnecting the PV systems, from April 1, 2020 (the approximate date the Receiver was first denied access to the leased premises) through the date the Receiver is able to reconnect the PV systems.  Based on Monolith's records, lost revenues are approximately $4,250 per month, or $141.00 per day.  The amount of lost revenue from April 1, 2020 through that date of this Motion is approximately $9,729.00.

c.  The Receiver should be permitted to apply to the Court for additional damages in the event, upon re-entry, it is determined that Mr. Hickok has removed or otherwise caused damage to the PV system.

d.  Mr. Hickok should be required to pay a daily fine until such time as the Receiver has been given ongoing access to the Leased Premises and is able to reconnect the PV system to the grid. The daily fine should be in an amount determined by the Court to be sufficient to coerce Mr. Hickok's timely compliance.

## **CONCLUSION**

For the reasons set forth above, the Receiver respectfully submits that (1) non-party Gary Hickok should be found in contempt of court; (2) Mr. Hickok should be ordered to pay the Receiver's damages, including the attorneys' fees and costs for bringing this motion; (3) the Court should order Mr. Hickok to pay a daily fine in an amount sufficient to coerce Mr. Hickok's compliance with the Order Appointing Receiver until such time as Mr. Hickok purges his contempt; and (4) the Court should grant the Receiver such other and further relief as the Court deems proper and just.

Dated: June 8, 2020                            **NOLAN HELLER KAUFFMAN LLP**
       Albany, New York

                                        By: s/ Justin A. Heller
                                            Justin A. Heller, Esq.
                                            N.D.N.Y. Bar Number: 103632
                                            80 State Street, 11th Floor
                                            Albany, New York 12207
                                            (518) 449-3300
                                            jheller@nhkllp.com

                                            *Attorneys for Dan Scouler, Court-Appointed*
                                              *Receiver*