```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------

KEYBANK NATIONAL ASSOCIATION,

                    Plaintiff, and

CAPITAL COMMUNICATIONS FEDERAL
CREDIT UNION,

                    Intervenor,
          -v-                              1:19-CV-1562

MONOLITH SOLAR ASSOCIATES LLC, et al.,
                    Defendants.

-----------------------------------
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| THOMPSON, HINE LAW FIRM-NY<br>Attorneys for Plaintiff<br>335 Madison Avenue 12th Floor<br>New York, New York 10017 | BARRY M. KAZAN, ESQ. |
| THOMPSON, HINE LAW FIRM-CLEVELAND<br>Attorneys for Plaintiff<br>3900 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114 | CURTIS LEE TUGGLE, ESQ. |
| THOMPSON HINE LLP<br>Attorneys for Plaintiff<br>Austin Landing I<br>10050 Innovation Drive Suite 400<br>Miamisburg, Ohio 45342 | JONATHAN S. HAWKINS, ESQ. |
| LIPPES MATHIAS WEXLER & FRIEDMAN LLP<br>Attorneys for Intervenor<br>54 State Street Suite 1001<br>Albany, New York 12207 | JOHN D. RODGERS, ESQ. |
| THE WAGONER FIRM PLLC<br>Attorneys for Defendant Steven A. Erby<br>150 State Street, Suite 504<br>Albany, New York 12207 | MATTHEW D. WAGONER, ESQ. |

NOLAN HELLER KAUFFMAN LLP  　　　　　JUSTIN A. HELLER, ESQ.
Attorneys for Receiver, Daniel Scouler　　FRANCIS J. BRENNAN, ESQ.
80 State Street, 11th Floor　　　　　　　JOHN V. HARTZELL, ESQ.
Albany, New York 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

Daniel Scouler ("Scouler" or "the receiver") was charged by this Court's February 27, 2020 order ("the receivership order") to shepherd the receivership of Monolith Solar Associates, LLC and several other solar power companies (together "the receivership property"). The receivership property had allegedly defaulted on several lease agreements, including some with plaintiff KeyBank and intervenor Capital Communications Federal Credit Union, and the receivership was imposed to try to ensure that some of those lease agreements could be paid back. As part of the receivership order, "all . . . persons" were stayed "from doing any act or thing whatsoever to interfere with the [r]eceiver in the discharge of [his] duties . . . ." Dkt. 96, ¶ 21.

Scouler now alleges that Gary Hickok ("Hickok"), a person unaffiliated with any party present in this case, has interfered with the receiver's discharge of his duties by denying him access to solar panels on Hickok's property and by disconnecting those solar panels from the power grid. As a result, the panels are no longer producing electricity, and the absence of that power results in an absence of profits, which in turn prevents the receivership property from making lease and debt payments. The receiver argues that Hickok has thereby interfered with the discharge of the receiver's duties and violated the receivership order. As a result, the receiver has called for the Court to issue an order to show cause why Hickok should not be held in civil contempt of a court order.

2

Civil contempt is "[a] sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party . . . ." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). "Federal courts maintain the inherent power to enforce their orders by civil contempt." *Drew-King v. Deep Distributors of Greater NY, Inc.*, 274 F. Supp. 3d 132, 136 (E.D.N.Y. 2017) (internal citations and quotation marks omitted).

A party may be held in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous[;] (2) the proof of noncompliance is clear and convincing[;] and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). "[T]he court has broad discretion" to design a remedy suitable to coerce compliance with its orders. *Id.* at 657.

Scouler has suitably alleged to the level of clear and convincing evidence that Hickok has defied the receivership order, and thus should be held in contempt. However, a contempt order should not follow without offering Hickok an opportunity to be heard and to dispute the facts as alleged by the receiver. Accordingly, Hickok is ordered to show cause why he should not be held in contempt of court for defying the receivership order, despite allegedly being informed of the contents of that order and the extent to which his refusing the receiver entry could constitute a failure to comply. He must make that show of cause no later than Wednesday, July 8, 2020, and the receiver any any other interested party may respond to his showing no later than Wednesday, July 15, 2020.

Therefore, it is

ORDERED that

1. The Receiver shall personally serve this Memorandum-Decision and Order on Gary Hickok no later than Friday, June 26, 2020;

3

2. Gary Hickok is ordered to show cause why he should not be held in contempt of the Court's Order Appointing Receiver no later than Wednesday, July 8, 2020;

3. The Receiver and any other interested party may respond to Hickok's show of cause no later than Wednesday, July 15, 2020.

IT IS SO ORDERED.

Dated: June 17, 2020
       Utica, New York.

David N. Hurd
U.S. District Judge