UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| |
|---|
| KEYBANK NATIONAL ASSOCIATION, <br><br> Plaintiff, and <br><br> -v- <br><br> MONOLITH SOLAR ASSOCIATES LLC, et al <br> Defendants. |

Case No. **1:19-cv-01562-DNH ATB**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GARY HICKOK, ONE OF THE ABOVE NAMED DEFENDANTS FOR AN ORDER GRANTING RELIEF FROM A PRIOR ORDER OF THIS COURT TO VACATE AND PURGE A CONTEMPT; TO CORRECT PLEADINGS TO NAME PROPER PARTIES AND IN OPPOSITION TO REQUEST FOR COUNSEL FEES**

Submitted by:

**The Altman Law Firm**
Frederick M. Altman, Esq.
Counsel for Gary Hickok
6 Walker Way
Albany, New York 12205
(518) 690-282

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ....................................................................... 1

ARGUMENT ..................................................................................................... 2

CONCLUSION .................................................................................................. 3

# TABLE OF AUTHORITIES

1. Moores Manual of Federal Practice and Procedure
2. Hester Int'l Corp. v. Federal Republic of Nigeria 879 F.2d 170
3. Riddly v. Phillips Petroleum Co. 427 F.2d 19
4. Rooks v. American Brass Co. 236 F.2d 166
5. Marshall v. Monroe & Sons Inc. 615 F.2d 1156

## PRELIMINARY STATEMENT

This action arises out of the appointment of a Receiver to manage the affairs of Monolith Solar Associates LLC. (Monolith).

Monolith solicited and entered into contractual arrangements with multiple parties to place solar panel systems on properties in consideration for lease payments designated as a signing bonus and then annual rental fees.

They systems were installed by Monolith. The power to run the systems was provided by the landowner.

One of the parties named in this action is Gary Hickok d/b/a Gary's Garage. Mr. Hickok was solicited by the principal of Monolith to install these systems.

The lease agreement incorrectly identified Mr. Hickok and Gary's Garage. The properties in which the systems were installed are owned by G&F Property Management LLC (G&F) of which Mr. Hickok is a principal.

Part of the relief sought here is that the pleadings be amended to reflect the proper party which is G&F. In the interest of procedural and judicial efficiency this can be done by stipulation.

The business, commonly known as Gary's Garage, actually has a corporate legal identity and is only a tenant. That business was sold and is no longer operated by Mr. Hickok.

As detailed in his affidavit, Mr. Hickok has explained that from the beginning Monolith has been in breach of the lease agreement having fully never paid the signing bonus nor the annual lease payments.

As Mr. Hickok also explained that the dealings and relationship between the parties grew increasingly hostile and dysfunctional. This combined with Mr. Hickok's absences form the properties due the exigencies of the pandemic crisis contributed to confusion and misunderstanding over the nature of the requests of the Receiver as opposed to Monolith.

1

Mr. Hickok has been the proprietor of the family owned business for almost five (5) decades with a very good business and community reputation. While he acknowledges that the Receivership was not complied with in a timely manner, he states that the failure to do so was by misstate, inadvertence and confusion.

The orders and requirements of the Court and the Receiver have now been complied with and assurance has been given that they will continue to be.

The application before the court is to deem these failures to be excusable neglect and to purge Mr. Hickok of the contempt citation, vacate the contempt and associated penalties including attorneys' fees and direct the pleadings to be amended to reflect the proper party.

## ARGUMENT

The Court is possessed with the discretion to impose a sanction of contempt and also to allow a contemnor to purge himself of it by his deeds.

Federal Courts allow parties to amend their pleadings pursuant to Rule 13(f) and Courts are allowed to revisit their judgements pursuant to Rule 60(b)(1) should excusable neglect be found.

"The considerable body of federal decisions dealing with mistake, inadvertence, surprise or excusable neglect are generally in accord with the proposition that this Rule to be liberally construed." Moores Manual of Federal Practice and Procedure Section 26.04. Hester Int'l Corp. v. Federal Republic of Nigeria 879 F.2d 170.

"… Interlocutory orders and partial judgments are not subject to the restrictive provisions of Rule 60(b) but remain within the plenary power of the district court to modify its prior rulings to afford such relief as justice requires." Moores Manual of Federal Practice and Procedure Section 26.03.

Riddly v. Phillips Petroleum Co. 427 F.2d 19 held that in view of the Court's inherent power to modify a continuing decree of injunction a motion for modification may be entertained at any time.

Relief was granted from a Judgment that resulted from a misunderstanding between the Court and counsel. Rooks v. American Brass Co. 236 F.2d 166.

Relief has been granted in the interest of justice in instances arising from mistakes or unfamiliarity, Marshall v. Monroe & Sons Inc. 615 F.2d 1156 "These decisions indicate that the Court's decision on the motion should be guided by a sound discretion based on the facts of the particular case." Moores Manual of Federal Practice and Procedure Sections 26.04; 26.03.

The particular facts of the case at bar are entirely compatible with the exercise of equitable discretion. Errors were made but they were not willful, deliberate, malicious nor were they with intent to evince a knowing disrespect for the Court. They occurred in a case marked by contentious behavior during a difficult time that compromised the ability to confer in a conventional manner with counsel. The errors were then promptly corrected.

## CONCLUSION

The Order of Contempt should be vacated purging the contemnor of contempt; modifying and deleting the penalty and denying counsel fees and directing that the pleadings be amended to properly identify the parties which amendment can be done by stipulation.

Dated: August 20, 2020

THE ALTMAN LAW FIRM

Frederick M. Altman, Esq.
N.D.N.Y. Bar No.: 101028
6 Walker Way
Albany, New York 12205
(518) 690-2828
Fmaesq@yahoo.com

*Attorney for Defendant Gary Hickok*

3