UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

                                      Plaintiff,

      -against-                               Case No. 1:19-cv-01562-DNH-ATB

MONOLITH SOLAR ASSOCIATES LLC, et al.,

                                      Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY GARY HICKOK'S MOTION TO VACATE CONTEMPT ORDER**

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Dan Scouler, Court-Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

NH2020-2106082335-759360

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I.   HICKOK HAS FAILED TO MEET HIS BURDEN UNDER RULE 60(b) FOR RELIEF FROM THE CONTEMPT ORDER. .......................................................... 1

    II.  HICKOK'S REMAINING REQUESTS SHOULD BE DENIED. ........................ 5

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*80-02 Leasehold, LLC v. CM Realty Holdings Corp.*, 123 A.D.3d 872 (2d Dep't 2014) .............. 3

*Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996) ....................................................... 1

*Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23 (2d Cir. 1988) .................................................. 6

*GRJH, Inc. v. McCarthy (In re CHAS, Inc.)*, 2008 U.S. Dist. LEXIS 7390 (N.D.N.Y. 2008) ................................................................................................................................... 1

*Hester Indus. v. Tyson Foods*, 985 F. Supp. 236 (N.D.N.Y. 1997) ................................................. 3

*Hester Int'l Corp. v. Fed. Republic of Nigeria*, 879 F.2d 170 (5th Cir. 1989) ............................... 4

*Int'l Bus. Machs. Corp. v. United States*, 493 F.2d 112 (2d Cir. 1973) ......................................... 6

*Long Oil Heat, Inc. v. Polsinelli*, 11 N.Y.S.3d 277 (3d Dep't 2015) ............................................. 3

*Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980) .................................................. 4

O*SRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87 (2d Cir. 2006) ....................................... 6

*Ridley v. Phillips Petroleum Co.*, 427 F.2d 19 (10th Cir. 1970) ..................................................... 5

*Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1980) .......................................................... 4

*Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F. Supp. 126 (S.D.N.Y. 1995) ............................ 3

**Statutes**

F.R.C.P 60(b) .................................................................................................................................. 1

**Other Authorities**

A. Corbin, Contracts (1960) ............................................................................................................ 6

## PRELIMINARY STATEMENT

Dan Scouler, the Court-appointed Receiver (the "**Receiver**"), submits this Memorandum of Law in opposition to non-party Gary Hickok's Motion to vacate the Court's Order (Dkt. No. 143) (the "**Contempt Order**") finding him in contempt of the Court's Order Appointing Receiver, as modified from time to time, and most recently by Second Order Modifying Receivership Order dated February 27, 2020 (Dkt. No. 96) (the "**Receivership Order**").

In particular, Mr. Hickok seeks to vacate the Contempt Order, including the award of damages and attorneys' fees incurred for making the contempt motion, and to amend the pleadings to include as a named party an entity that has not been party to any of the relevant events. As explained herein, Mr. Hickok's Motion fails to offer any justification for the relief requested. Accordingly, his Motion should be denied.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Justin A. Heller, Esq. ("**Heller Dec.**").

## ARGUMENT

**I.     HICKOK HAS FAILED TO MEET HIS BURDEN UNDER RULE 60(b) FOR RELIEF FROM THE CONTEMPT ORDER.**

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from an order for "mistake, inadvertence, surprise, or excusable neglect . . ." In determining whether to afford relief under Rule 60(b), courts consider: (1) the degree of negligence of the moving party; (2) whether the moving party has a meritorious defense; and (3) the degree of prejudice to the opposing party if relief were granted. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *GRJH, Inc. v. McCarthy (In re CHAS, Inc.)*, 2008 U.S. Dist. LEXIS 7390, at *18 (N.D.N.Y. 2008). Here, each of the 60(b) factors favor denial of Mr. Hickok's Motion.

1

### A. Mr. Hickok acted deliberately or negligently in not responding to the Order to Show Cause.

Mr. Hickok was served personally with the Order to Show Cause on June 23, 2020 (Heller Dec., ¶7), and on June 26, 2020, his attorney attempted to contact counsel for the Receiver regarding Monolith Solar Associates LLC (Heller Dec., ¶9). Thus, Mr. Hickok was clearly aware of the Order to Show Cause prior to his time to respond on July 8, 2020 (Heller Dec., ¶10). Mr. Hickok neither disputes his knowledge of the Order to Show Cause nor provides any valid reason why he did not respond.

Mr. Hickok's claims that he was stuck in Florida (Hickok Aff.,[1] ¶13), that the pleadings do not list him as a party (Altman Aff.,[2] ¶6), and that he is the wrong party to the contempt proceeding (Altman Dec., ¶¶7-10) fail to excuse Mr. Hickok's failure to respond. In particular, Mr. Hickok was not stuck in Florida when the Order to Show Cause was served personally at his home in Round Lake, NY (*see* Doc. No. 137), and, in any event, he clearly received the Receiver's and his counsel's communications, and was able to contact his attorney concerning the Order to Show Cause prior to his time to respond (*see* Heller Dec., ¶9). In fact, Mr. Hickok concedes that his failure to comply with the Receiver's requests had more to do with hard feelings toward Monolith than with any lack of notice or understanding on his part.

Further, Mr. Hickok was not listed as a party to this action because he is not one. However, Mr. Hickok was duly served with the Order to Show Cause, which names him specifically and directs that "Gary Hickok is ordered to show cause why he should not be held in contempt of the Court's Order Appointing Receiver no later than Wednesday, July 8, 2020" (Doc. No. 129).

---

[1] Affidavit of Gary Hickok, sworn to August 19, 2020 in support of his Motion to vacate the Contempt Order.

[2] Affidavit of Frederick M. Altman, Esq., sworn to August 21, 2020 in support of Gary Hickok's Motion to vacate the Contempt Order.

2

Finally, Mr. Hickok is the proper party to the contempt proceedings. He signed his name to the Lease Agreement under which the lessor was defined multiple times as "Gary's Garage" (*see* Heller Dec., ¶15), a non-existent business entity.[3] Thus, Mr. Hickok entered the Lease in his personal capacity. *See Long Oil Heat, Inc. v. Polsinelli*, 11 N.Y.S.3d 277, 277-78 (3d Dep't 2015) (individual acting on behalf of non-existent entity is personally liable) (quoting *80-02 Leasehold, LLC v. CM Realty Holdings Corp.*, 123 A.D.3d 872, 874 [2d Dep't 2014]).

### B. <u>Mr. Hickok fails to raise a meritorious defense.</u>

As noted in the Receiver's Memorandum of Law in support of the Order to Show Cause, an individual should be found in contempt where it is shown that: "'(1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply.'" *Hester Indus. v. Tyson Foods*, 985 F. Supp. 236, 243 (N.D.N.Y. 1997) (quoting *Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F. Supp. 126, 133 [S.D.N.Y. 1995]).

Mr. Hickok does not allege that the Receivership Order is ambiguous. He does not allege that he was unaware of the Receivership Order. And he does not dispute the fact that he prohibited the Receiver from accessing the premises in direct violation of the Order. Thus, Mr. Hickok has failed to meet any element of demonstrating a meritorious defense to the Contempt Order. Mr. Hickok was aware of the Receivership Order well before the Receiver moved for contempt. The contact information Mr. Hickok provided the Receiver, pursuant to the Contempt Order, includes Patrick Hickok as the contact and "garysgarage1@aol.com" as the contact email. In early April 2020, the Receiver spoke with Patrick Hickok regarding the Receivership Order, and the

---

[3] A search of the New York Department of State's entity database shows a "Gary's Garage LLC" located in Chautauqua County, New York with no apparent connection to Gary Hickok, and a "Gary's Garage & Transport LLC" located in Albany County. However, Mr. Hickok does not claim to have been acting on behalf of either of these entities.

3

Receiver's counsel emailed correspondence advising of the Receivership Order to the same email address (Heller Dec., ¶¶2, 8).

### C. The Receivership would be highly prejudiced if Mr. Hickok's motion were granted.

The Receiver has already expended significant time and resources to ensure Mr. Hickok's compliance with the Receivership Order, including substantial attorneys' fees. The only benefit to Mr. Hickok in vacating the Contempt Order is to avoid paying damages and attorneys' fees. However, these damages are for the Receiver's lost revenue, which is contractually assigned to secured creditors in this action (Heller Dec., ¶14), and the expended attorneys' fees otherwise deplete the value of the Receivership estate. Therefore, the prejudice in vacating the Contempt Order is not just to the Receiver, but to all the creditors whose interests he represents. Here, the balance of the hardships is against Mr. Hickok who had notice of both the Receivership Order and the Order to Show Cause and deliberately disregarded both.

### D. The case law cited by Mr. Hickok is unavailing.

Consistent with the foregoing analysis, the cases cited by Mr. Hickok involving motions to vacate a final order all require (1) that the moving party show that circumstances prohibited them from fully participating in the subject proceeding and (2) that they raise a meritorious defense. *See Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1980) (lower court's decision to vacate default upheld on appeal where defaulting party was not aware of action because he never received complaint due to illness and mistakes of third parties and where he demonstrated a prima facie meritorious defense); *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980) (upholding vacatur of default in administrative proceeding where commission found that administrative guidance on how to respond to citation was confusing, respondent attempted to comply, and where meritorious defense had been sufficiently demonstrated); *Hester Int'l Corp. v. Fed. Republic of Nigeria*, 879 F.2d 170 (5th Cir. 1989) (upheld vacatur of judgment where defendant had fee dispute

with attorney, attorney withdrew one week before trial, defendant received notice of trial only one day before, then reemployed attorney, who then sent an associate with limited knowledge of the case to trial, associate showed up late to trial and presented no testimony, and where defendant succeeded on the merits in the subsequent trial). Mr. Hickok's allegations of his general confusion do not show how he was prevented from participating in the contempt proceedings, of which he had undisputed notice.

The only other case cited by Mr. Hickok, *Ridley v. Phillips Petroleum Co.*, 427 F.2d 19 (10th Cir. 1970), dealt with a motion to vacate or modify an injunction. Since Mr. Hickok has not moved to modify an injunction, *Ridley* is inapplicable.

For the foregoing reasons, Mr. Hickok has not given any reason to support vacating the Contempt Order.

## II.     HICKOK'S REMAINING REQUESTS SHOULD BE DENIED.

In addition to moving to vacate the Contempt Order, Mr. Hickok seeks reasonable relief from the award of attorneys' fees based on his circumstances and to amend the pleadings to include G&F Property Management, LLC as a party. Both requests should be denied.

First, Mr. Hickok readily admits that the Receiver incurred attorney's fees in the contempt proceedings (Hickok Aff., ¶24). He does not dispute the reasonableness of the attorneys' fees application (Doc. No. 155). Instead, he requests that, if the Contempt Order is not vacated, the Court grant reasonable relief based on his circumstances (Hickok Aff., ¶24). As set forth above, the circumstances that Mr. Hickok details in his Motion do nothing to dispel his fault with respect to directly disobeying the Receivership Order and failing to respond to the Order to Show Cause. Moreover, reducing the attorneys' fees award based on Mr. Hickok's alleged diminished culpability only serves to shift the burden of ensuring Mr. Hickok's compliance with the Receivership Order to other faultless creditors. Therefore, his circumstances do not warrant a

reduction in the Receiver's attorneys' fees award.

Second, there is no reason to amend the pleadings to name G&F Property Management, LLC as a party. Even if G&F Property Management, LLC was party to the Lease Agreement—which it is not—a non-party can be held in contempt. *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 90 (2d Cir. 2006) (discussing appealability of orders holding non-parties in contempt) (citing *Int'l Bus. Machs. Corp. v. United States*, 493 F.2d 112, 114-15 & n. 1 [2d Cir. 1973]).

Moreover, as explained above, Mr. Hickok signed the Lease Agreement on behalf of Gary's Garage, a non-existent entity. Thus, whatever Mr. Hickok's intentions, he is the only lessor under the Lease. *See Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir. 1988) ("The parol evidence rule [states that] [w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.") (quoting 3 A. Corbin, Contracts § 573, at 357 [1960]). Thus, the Court should not amend the pleadings.

**CONCLUSION**

For the reasons set forth above, the Receiver respectfully submits that the Court should deny non-party Gary Hickok's Motion in its entirety and grant the Receiver such other and further relief as the Court deems proper and just.

Dated: September 8, 2020
       Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

By: s/ Justin A. Heller
Justin A. Heller, Esq.
N.D.N.Y. Bar Number: 103632
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
jheller@nhkllp.com

*Attorneys for Dan Scouler, Court-Appointed Receiver*