UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>                                        Plaintiff,<br><br>            -against-<br><br>MONOLITH SOLAR ASSOCIATES LLC, et al.,<br><br>                                        Defendants. | Case No. 1:19-cv-01562-DNH-ATB |

**DECLARATION OF JUSTIN A. HELLER, ESQ.**
**IN OPPOSITION TO NON-PARTY GARY HICKOK'S MOTION TO VACATE**
**CONTEMPT ORDER**

JUSTIN A. HELLER, ESQ. declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm Nolan Heller Kauffman LLP, attorneys for the Court-appointed Receiver in this action, and I submit this declaration in opposition to non-party Gary Hickok's Motion to vacate the Contempt Order (Doc. No. 143).

2. On April 3, 2020 I wrote to Gary Hickok notifying him of the Order Appointing Receiver and the stay. The letter was sent by e-mail to "garysgarage1@aol.com," which is the e-mail address used by Monolith to communicate with Mr. Hickok in the past and the same email address that Mr. Hickok has now provided to the Receiver as a contact pursuant to the Court's Contempt Order. I received no indication that the e-mail and letter were not received by Mr. Hickok. (*See* Doc. No. 124-1; Doc. No. 168).

3. On May 12, 2020, I again wrote to Gary Hickok notifying him of the Order Appointing Receiver and the stay. I received no indication that the letter was not received by Mr. Hickok. In addition, USPS tracking confirmed that Mr. Hickok received the letter on May 13, 2020. (*See* Doc. No. 124-1).

1

4. On June 11, 2020, the Receiver notified Mr. Hickok that he would be applying for an Order to Show Cause why Mr. Hickok should not be found in contempt for violating the Order Appointing Receiver (*see* Doc. No. 124-1, ¶4).

5. On June 16, 2020, the Receiver applied for an Order to Show Cause why non-party Gary Hickok should not be held in contempt for violating the Court's Order Appointing Receiver (*see* Doc. No. 124).

6. On June 17, 2020, the Court issued the Order to Show Cause for which the Receiver applied (*see* Doc. No. 129).

7. Mr. Hickok was personally served at his residence with the Order to Show Cause on June 23, 2020 (*see* Doc. No. 137).

8. In addition to the foregoing attempts to contact Mr. Hickok regarding the Receivership, the Receiver and his staff also made repeated attempts to contact Mr. Hickok in April and May, 2020, and on or about April 1, 2020, spoke to his son, Patrick Hickok—the same contact that Mr. Hickok has now provided the Receiver pursuant to the Contempt Order (*see* Doc. No. 124, ¶¶10, 13; Doc. No 168).

9. On Friday, June 26, 2020, I received a phone call and message from Mr. Hickok's attorney, Frederick Altman, indicating that he wished to speak about Monolith. However, I was not able to reach Mr. Altman, when I returned his call.

10. Mr. Hickok's time to respond to the Order to Show Cause was July 8, 2020.

11. Mr. Hickok failed to respond to the Order to Show Cause.

12. On July 22, 2020, the Court issued an Order finding Mr. Hickok in contempt for violating the Court's Order Appointing Receiver and imposing sanctions.

13. Mr. Hickok now moves to vacate the Contempt Order.

14. In addition to the damages and distraction suffered by the Receivership in ensuring Mr. Hickok's compliance with the Receivership Order, the lack of revenue caused by Mr. Hickok's actions has caused defaults in debt service and equipment payments to Key Equipment Finance and Capital Communications Federal Credit Union on their respective sale lease back and loans that financed the PV systems (*see* Doc. No. 124, ¶17).

15. A copy of the fully executed Lease Agreement between Gary's Garage, by Gary Hickok, and Monolith Solar Associates LLC is attached as Exhibit A to the Declaration of Dan Scouler in support of the Order to Show Cause (Doc. No. 124).

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2020

By: s/Justin A. Heller
JUSTIN A. HELLER, ESQ.
N.D.N.Y. Bar Number: 103632