UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONOLITH SOLAR ASSOCIATES LLC, *et* )<br>*al.*[1] )<br>)<br>Defendants )<br>) | Case No: 1:19-cv-01562 |

**STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM STAY**

On December 18, 2019, KeyBank National Association filed a Complaint against Monolith Solar Associates, LLC and the other Defendants (collectively, "Monolith") in the United States District Court, Northern District of New York, and, on the same date, filed an Order to Show Cause for the Appointment of a Receiver. On December 20, 2019, this Court signed and entered an Order Appointing a Receiver (Dkt. No. 7), as modified from time to time, and most recently by Second Order Modifying Receivership Order dated February 27, 2020 (Dkt. No. 96) (collectively, the

---

[1]     The defendants are: Steven A. Erby ("Mr. Erby"); Mark Fobare ("Mr. Fobare"); Monolith Solar Associates LLC; SAE Sun and Earth Energy Inc.; Solar Management Group 2013, LLC; Schenectady Hetcheltown Road Solar 1, LLC; Schenectady Hetcheltown Road Solar 2, LLC; Schenectady Ice Rink Solar 1, LLC; Craryville Two Town Road Solar 1, LLC; Craryville Two Town Road Solar 2, LLC; Marion Warner Road Solar 1, LLC; City of Albany Solar 1, LLC; Albany CSD Solar 1, LLC; Scotia Glenville CSD Solar 1, LLC; Mayfield CSD Solar 1, LLC; Rensselaer County Solar 1, LLC; Rensselaer County Solar 2, LLC; Seward Pine Hill Road Solar 1, LLC; Seward Pine Hill Road Solar 2, LLC; Schuylerville CSD Solar I, LLC; Johnsonville Route 7 Solar 1, LLC; Cordell Road Solar 1, LLC; Granville CSD Solar 1, LLC; Smithville Tarbell Road Solar 1, LLC; Solar Energy Properties, LLC; Load Zone A LLC; Load Zone B and C LLC; Load Zone D and E LLC; Load Zone F LLC; Load Zone G LLC; Route 7 Solar Farm 1, LLC; Amsterdam Reservoir Solar 1, LLC; City of Albany Solar 2, LLC; City of Troy Solar 1, LLC; Russell Sage Solar 1, LLC; Salem County Route 153 Solar 1, LLC; Sand Lake Eastern Union Turnpike Solar 1, LLC; Solar Vista LLC; Vista Management Group LLC; NYSDOT Solar 1 LLC; City of Albany Solar 3 LLC, Key Solar 1 LLC; Community Solar 1 LLC; Albany CSD Solar 2 LLC; MSAP 10 LLC; MSAP 11 LLC; MSAP 12 LLC; and MSAP 14 LLC (collectively, the non-individual entities identified herein are the "Defendants" and each is a "Defendant").

"Receivership Order"), which, among other things, appointed Daniel Scouler as the receiver ("Receiver") and granted the Receiver possession, control and management of Monolith's' assets. Paragraph 21 of the Receivership Order contains a broad stay as follows:

> Without first seeking permission of this Court via motion and notice to the parties to this action, all creditors, claimants, bodies politic, parties in interest, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any act to enforce any claim against the Defendants and the Receivership Property without first obtaining an order from this Court permitting such action. All such entities are further stayed from executing or issuing or causing the execution or issuance from any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of Receiver's duties in this proceeding.

*See* Receivership Order, ¶ 21.

On or about August 27, 2013, South Colonie Central School District ("SCCSD") and Monolith entered into eleven Power Purchase Agreements for the sale of solar power from Monolith to SCCSD, on the terms and conditions set forth therein (the "PPA's"). Nine of the 11 PPA's were subsequently amended (the "Amended PPA'"). The Amended PPAs became the subject of a dispute between the parties, and on or about May 3, 2019, SCCSD filed a demand against Monolith for arbitration with the American Arbitration Association (the "Arbitration"), contending, among other things, that the Amended PPA's were obtained by fraud, that the terms of the PPA's are ambiguous and seeking an award declaring the Amended PPA's void *ab initio*. Monolith denied the allegations, and asserted a counterclaim seeking an award for amounts allegedly due from SCCSD under the Amended PPA's.

By letter dated May 29, 2020, the Receiver notified SCCSD that, as Receiver, he did not intend to assume, adopt or otherwise become bound by the Amended PPA's, and that Monolith's services to SCCSD under the Amended PPA's would terminate effective July 1, 2020.

The Arbitration remains stayed pursuant to the terms of the Receivership Order. The Receiver claims that the sum of $236,302 is presently due and owing from SCCSD under the Amended PPA's, and wishes to pursue an award in that amount through the Arbitration. SCCSD wishes to resume its claims in the Arbitration and denies that the Receiver is owed the aforesaid sum. The Receiver acknowledges that in proceeding with the Arbitration to pursue a monetary award against SCCSD, SCCSD must be afforded the opportunity to present its claims and defenses as offsets to the Receiver's and Monolith's claims against SCCSD.

Accordingly, the Receiver and SCCSD jointly request that the Court grant relief from the Receivership Order's stay for the limited purpose, and on the terms and conditions, set forth herein.

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. <u>Arbitration</u>. The Receivership Order's stay is lifted for the limited purpose of allowing SCCSD and the Receiver to continue with the Arbitration for the sole purpose of adjudicating any claim(s) between the parties arising from the Amended PPAs; provided that any award in favor of SCCSD will be subject to the Receivership Order's stay, subject to further Order of this Court.

2. <u>Court Approval</u>. Pursuant to the terms of the Receivership Order, the Receiver and SCCSD submit this Stipulation and Order to the Court for approval. This Stipulation and Order is void if it is not approved by the Court.

3. <u>Reservation of Rights</u>. SCCSD and the Receiver reserve any and all of their respective rights and remedies. Except as expressly set forth herein, by consenting to lift the

Receivership Order's stay, the Receiver is not waiving any of his rights pursuant to the Receivership Order and/or other applicable federal law governing his powers and duties as Receiver. Except as expressly set forth herein, by consenting to lift the Receivership Order's stay, neither party is waiving any of its other rights contained within the Power Purchase Agreements and/or other federal or state law.

4. <u>Jurisdiction.</u> This Court shall retain jurisdiction with respect to the enforcement, implementation, and interpretation of this Stipulation and Order.

5. <u>Counterparts and Signatures.</u> This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute the same instrument. E-mailed and electronic signatures shall be deemed to have the same effect as original signatures.

Dated: September 22, 2020

NOLAN HELLER KAUFFMAN LLP

By: _____
Justin A. Heller, Esq.
Bar Number: 103632
*Attorneys for Dan Scouler, Court Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
jheller@nhkllp.com

Dated: September 25, 2020

TABNER, RYAN & KENIRY, LLP

By: _____
William F. Ryan, Jr., Esq.
Bar Number: 102316
*Attorneys for South Colonie Central School District*
18 Corporate Woods Boulevard, Suite 8
Albany, New York 12211
(518) 512-5303
wfr@trklaw.com

**SO ORDERED:**

Dated: October 7, 2020

_____
Honorable David N. Hurd
U.S. District Judge