UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
KEYBANK NATIONAL ASSOCIATION,

Plaintiff, and

CAPITAL COMMUNICATIONS FEDERAL CREDIT
UNION,

Intervenor,                              **1:19-CV-1562-DNH-ATB**

-v-

MONOLITH SOLAR ASSOCIATES LLC, et al., and
GARY HICKOK d/b/a GARY'S GARAGE.

Defendants.
--------------------------------------------------------------------x

**AFFIDAVIT OF FREDERICK M. ALTMAN, ESQ.**

STATE OF NEW YORK      )
                       )SS:
COUNTY OF ALBANY       )

Frederick M. Altman, Esq., being duly sworn deposes and says:

1. That your Deponent is attorney of record for the above entitled Defendant, Gary Hickok d/b/a Gary's Garage and is fully familiar with the pleadings and proceedings heretofore had herein.

2. This Affidavit is made in support of the motion of Gary Hickok to purge and vacate the contempt citation and sanction levied against him and is filed pursuant to the Order of this Court on or before December 22, 2020 directing renewal of a previous motion.

3. The previous motion for relief from the contempt and sanctions was filed August 21, 2020 and resulted in a memorandum Decision and Order dated September 16, 2020 pursuant to which Hickok was ordered to and did promptly pay counsel fees in the amount of $5,320.98.

## LEGAL BASIS FOR RELIEF SOUGHT:

4. The basis for the application of relief set forth herein is that the Court is possessed with the discretion to impose a sanction of contempt but also to allow a contemnor to purge himself of it by his deeds.

## HISTORICAL SUMMARY:

5. The Defendant, Gary Hickok d/b/a Gary's Garage contractually consented to allow Monolith Solar Associates LLC (Monolith) to install solar panel collection equipment on its building located at 8A Apollo Drive, Albany, NY 12205.

6. Parenthetically, as was pointed out on the previous motion, Gary Hickok d/b/a Gary's Garage is a misnomer of the identity of this Defendant which properly should be G&F Property Management LLC, of which Gary Hickok is a principal.

7. The contract allowed Monolith to install solar energy collection equipment and then resell into the grid the power so harnessed.

8. The contract provided for certain consideration to be paid to Hickok including an initial signing bonus followed by annual rental payments.

9. Monolith defaulted in both the signing bonus (partially paid) and the annual rent for which there have been no payments or interest.

10. Dealings between Monolith representatives towards the Hickok family became disingenuous and hostile, leading to confusion and eventually an interruption of the power servicing the Monolith equipment. Further confounding the relationship was a solicitation by Monolith to invest in yet another solar energy project (Affidavit of Gary Hickok sworn to August 19, 2020 paragraphs 5 – 14 and 19, attached as Exhibit A of Mr. Hickok's current Affidavit sworn to on December 17, 2020).

11. The Defendant Hickok is a small family business with a long-standing history of integrity in the community and in its industry.

12. They were initially confused by the communications from the Court and the Receiver which was compounded by the hostile relationship that had developed with Monolith.

13. The Hickoks were subsequently counseled on their compliance obligations and have, even before the Memorandum Decision and Order of September 16, 2020 been in strict compliance with all of its obligations.

14. More recently, Hickok received notice from Capital Communications Federal Union (CapCom) that they had entered into a Delegation Agreement with GMES Solar 3 LLC

requesting cooperation with GMES to collect payments from "payors". Hickok is a landlord not a payor and has received no further notices or request from GMES but if they do, full cooperation will likewise be accorded.

## ARGUMENT:

15. It has been held that the Court has discretion to allow a contemnor to purge himself of a contempt citation by his deeds.

16. FRCP Rule 60(b)(1) authorizes the Court to revisit their judgements should excusable neglect be found.

17. "The considerable body of federal decisions dealing with mistake, inadvertence, surprise, or excusable neglect are generally in accord with the proposition that this Rule is to be liberally construed." Hester International Corp. v. Federal Republic of Nigeria 879 F.2d 170, Moores Manual of Federal Practice and Procedure Section 26.04

18. "Interlocutory orders and partial judgments are not subject to the restrictive provisions of Rule 60(b) but remain within the plenary power of the district Court to modify its prior rulings to afford such relief as justice requires." Moores Manual of Federal Practice and Procedure Section 25.03.

19. The Court's inherent power to modify a decree may be entertained on a motion for modification at any time. Riddly v. Phillips Petroleum Co. 427 F.2d 19.

20. In Rooks v. American Brass Co. 236 F.2d 166 relief was granted from a judgment that resulted from a misunderstanding between the Court and counsel.

21. In the case at bar the misunderstanding was between the Court and, at the time, a pro se Defendant.

22. Relief has been granted in the interest of justice in instances arising out of mistakes or unfamiliarity. Marshall v. Monroe & Sons Inc. 615 F.2d 1156. "These decisions indicate that the Court's decision…should be guided by a sound discretion based on the facts of the particular case." Moore Manual of Federal Practice and Procedures Sections 26.04;26.03

23. Errors in judgment initially made by Hickok were not willful, deliberate, or malicious. There was no intent to evince a disrespect for the Court. They arose out of a contentious relationship that arose due to conduct involving Monolith. This also occurred during a period of time when conventional communication and consultation was compromised.

24. The understanding of and adherence to its obligations was promptly corrected by Hickok and he has remained in diligent compliance.

25. Mr. Hickok has 'by his deeds' corrected the conduct that resulted in the contempt and has diligently cooperated with all obligations since.

## CONCLUSION:

26. The Court is within its sound and justifiable discretion, based upon the conduct and deeds of Hickok to purge and vacate the contempt citation and remaining sanctions.

**WHEREFORE**, your Deponent respectfully prays this Court to make an Order granting the relief sought herein in accordance with the proposed Order submitted herewith.

Dated: _12/21/2020_

**The Altman Law Firm**
By: Frederick M. Altman, Esq.
N.D.N.Y. Bar No.: 101028
6 Walker Way
Albany, New York 12205
(518) 690-2828

Sworn to before me this __21__ day

of ___December___, 2020

Notary Public

STEPHEN J. ALTMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6366694
Qualified in Albany County
My Commission Expires 11-06-2021

To:    Honorable David N. Hurd, U.S. District Judge

NOLAN, HELLER AND KAUFFMAN, LLP
Attn:   Justin A. Heller, Esq.
Attorneys for Receiver
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300