UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

                    Plaintiff,

-against-

MONOLITH SOLAR ASSOCIATES LLC, et al.,

                    Defendants.

Case No. 1:19-cv-01562-DNH-ATB

# MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY GARY HICKOK'S RENEWED MOTION TO VACATE CONTEMPT ORDER

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Daniel Scouler, Court-Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

NH2020-2106082335-759360

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT .................................................................................................................... 1

    I.   HICKOK HAS FAILED TO MEET HIS BURDEN UNDER RULE 60 (b)(1) FOR RELIEF FROM THE CONTEMPT ORDER. ................................................. 1

    II.  HICKOK'S REMAINING REQUESTS SHOULD BE DENIED. ........................ 4

CONCLUSION ................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Cases**

*Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23 (2d Cir. 1988) .................................................. 4

*Long Oil Heat, Inc. v. Polsinelli*, 11 N.Y.S.3d 277 (3d Dep't 2015) ............................................. 3

O*SRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87 (2d Cir. 2006) ....................................... 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ........................... 2

*U2 Home Entm't, Inc. v. Wei Ping Yuan*, 2007 U.S. App. LEXIS 7530 (2d Cir. 2007) ................. 3

**Statutes**

F.R.C.P 60 (b)(1) ............................................................................................................................ 1

## PRELIMINARY STATEMENT

Daniel Scouler, the Court-appointed Receiver (the "**Receiver**"), submits this Memorandum of Law in opposition to non-party Gary Hickok's renewed Motion to vacate the Court's Order (Dkt. No. 143) (the "**Contempt Order**") finding him in contempt of the Court's Order Appointing Receiver, as modified from time to time, and most recently by Second Order Modifying Receivership Order dated February 27, 2020 (Dkt. No. 96) (the "**Receivership Order**").

In particular, Mr. Hickok seeks to vacate the award of damages the Receivership incurred because Mr. Hickok knowingly disregarded the Receivership Order. As explained herein, Mr. Hickok's Motion fails to offer any justification for the relief requested. Notably, Mr. Hickok fails to provide any reason for the Court to vacate the Contempt Order beyond those that he offered in his prior motion to vacate, which was denied. Accordingly, Mr. Hickok's renewed Motion should fail.

## STATEMENT OF FACTS

The relevant facts have been fully set forth in the Receiver's prior submissions with respect to the Contempt Order, specifically, the June 8, 2020 Declaration of Daniel Scouler (Dkt. No. 124) and the June 8 and September 8, 2020 Declarations of Justin A. Heller, Esq. (Dkt. Nos. 124-1, 173).

## ARGUMENT

**I. HICKOK HAS FAILED TO MEET HIS BURDEN UNDER RULE 60 (b)(1) FOR RELIEF FROM THE CONTEMPT ORDER.**

Mr. Hickok moves under Rule 60 (b)(1) of the Federal Rules of Civil Procedure, which permits relief from an order for "mistake, inadvertence, surprise, or excusable neglect." As this Court has previously noted, Rule 60 (b)(1) motions require consideration of four factors. These are: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay caused by the

1

neglect and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the movant's 'reasonable control'; and (4) whether the movant acted in good faith." *See* Dkt. No. 174, p. 4 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 [1993]).

Applying these factors to Mr. Hickok's prior motion to vacate, the Court found that "Hickok [had] only demonstrated one of the *Pioneer* factors that cut in his favor [i.e., length of delay], and the first factor of prejudice cuts against him strongly." *Id.* at p. 7. With respect to the prejudice that would be caused were the Contempt Order lifted, the Court stated:

> To force the receivership fund to bear the cost of ensuring that Hickok complied with the same order that every other creditor complied with as a matter of course would prejudice Scouler to be sure, but by the very nature of the receivership it would also prejudice every other creditor. The receivership fund is intended to be distributed to the creditors to recoup them from the very losses Hickok complains of, and it would be profoundly unfair for Hickok to drain those funds from the communal pool.

*Id.* at p. 6.

In his renewed Motion, Mr. Hickok simply reiterates the same arguments he made in support of his prior Motion (Dkt. No. 170) to vacate the Contempt Order. To summarize, Mr. Hickok again argues that he should be excused from the Contempt Order because (1) he was confused about the Receiver's role after developing a contentious relationship with Monolith; (2) he is not the proper party to the agreement with Monolith; and (3) COVID-19 restrictions trapped him in Florida during the contempt proceeding. *See* Dkt. No. 212-3, 212-4. All of these excuses were found unavailing in the Court's Decision on Mr. Hickok's prior Motion (*see* Dkt. No. 174, pp. 5-7), and therefore they should not support vacating the Contempt Order this time.

In addition to his contempt of the Receivership Order, Mr. Hickok's disregard of the Order to Show Cause is simply inexcusable. This Court has already recognized that Mr. Hickok had notice of the Order to Show Cause and that his attorney had spoken with the Receiver's counsel

2

two weeks prior to the return date, but that they did nothing to oppose or remedy the contempt. *See* Dkt. No. 174, p. 6. For the same reason, Mr. Hickok's argument that he should be excused because he was operating as a "pro se Defendant" (*see* Dkt. No. 212-3, ¶ 21) is without merit.

Similarly, Mr. Hickok's reliance on having sold his business or his insistence that G&F Property Management LLC was the proper signatory to the Lease are unavailing. First, Mr. Hickok was personally served with the Order to Show Cause, which was directed at Mr. Hickok in his personal capacity. *See* Dkt. No. 174, p. 7, n. 3 ("the order to show cause specifically identified Hickok as the one who needed to demonstrate why he should not be placed in contempt of the Order Appointing Receiver . . . He failed to do so, and thus he is a contemnor regardless of whether he should not have been responsible for the lease, because he did not comply with the order to show cause."]). He also received the Lease (Dkt. No. 124, Ex. A, p. 4), which he signed on behalf of a non-existent business entity. As such, he is liable under the agreement (*see Long Oil Heat, Inc. v. Polsinelli*, 11 N.Y.S.3d 277, 277-78 [3d Dep't 2015] [individual acting on behalf of non-existent entity is personally liable]). Accordingly, Mr. Hickok was properly identified as the contemnor.

Finally, Mr. Hickok has not "'by his deeds corrected the conduct that resulted in the contempt" until he compensates the Receivership for the lost revenue he caused. Importantly, the damages that Mr. Hickok seeks to avoid paying the Receivership are compensatory, not coercive. Compensatory fines for contempt correspond to the amount of damages caused by the contempt. *U2 Home Entm't, Inc. v. Wei Ping Yuan*, 2007 U.S. App. LEXIS 7530, *4 (2d Cir. 2007). Therefore, courts have less discretion in assessing a compensatory fine. *Id.* The Receiver has presented his proof of loss, which the Court has accepted. Dkt. No. 143, p. 8. And Mr. Hickok has failed to dispute the amount of the Receivership's damages. Therefore, the harm that Mr. Hickok

caused has been established but not remedied. Accordingly, Mr. Hickok has failed to correct his conduct.

As the Court has recognized, the damages that the Receiver suffered by Mr. Hickok's contempt deplete funds that would otherwise be available to the creditors who timely complied with the Receivership Order, many of whom had the same or similar disputes with Monolith's prior management. *See* Dkt. No. 174, p. 6. To allow Mr. Hickok more favorable treatment than those creditors would be unfair. For the foregoing reasons, Mr. Hickok's renewed motion to vacate the Contempt Order should be denied.

## II.     HICKOK'S REMAINING REQUESTS SHOULD BE DENIED.

First, as this Court has previously noted, Hickok is not a Defendant, and should not be designated as such. Dkt. No. 174, p. 7, n. 3; *see also OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 90 (2d Cir. 2006) (contemplating contempt orders against non-parties). Second, despite Mr. Hickok's protestations, G&F Property Management LLC is not the signatory on the Lease, and thus cannot be substituted as the party liable thereunder. *See Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir. 1988) (parol evidence that contradicts a written agreement is inadmissible). As noted above, Gary's Garage is a non-existent business entity, and therefore Mr. Hickok is personally liable as the signatory. And, as the Court has noted, even if G&F Property Management LLC was the proper party to the Lease Agreement, Mr. Hickok can still be held in contempt for his actions. Thus, the Court should not substitute G&F Property Management LLC as the contemnor.

## **CONCLUSION**

Mr. Hickok ignored both the Receivership Order and Order to Show Cause until he was held in contempt. As a result, the Receivership has suffered significant lost revenue. In addition, Mr. Hickok's baseless attempts to vacate the Contempt Order has forced the Receiver to repeatedly incur attorneys' fees to protect the claims of other creditors. At the very least, Mr. Hickok should pay the Receivership the damages he has caused. Accordingly, the Receiver respectfully requests that the Court deny Mr. Hickok's renewed Motion in its entirety and grant the Receiver such other and further relief as the Court deems proper and just.

Dated: January 7, 2021
      Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

By: s/ Justin A. Heller
    Justin A. Heller, Esq.
    N.D.N.Y. Bar Number: 103632
    80 State Street, 11th Floor
    Albany, New York 12207
    (518) 449-3300
    jheller@nhkllp.com

*Attorneys for Daniel Scouler, Court-Appointed Receiver*