UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

           Plaintiff,

-against-

MONOLITH SOLAR ASSOCIATES LLC, et al.,

           Defendants.

Case No. 1:19-cv-01562-DNH-ATB

## MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR ORDER APPROVING SALE OF KEY PORTFOLIO

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Daniel Scouler, Court-Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

NH2021-2106082335-762551

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.   THE COURT SHOULD APPROVE THE PROPOSED SALE BECAUSE IT MAXIMIZES THE VALUE OF KEY PORTFOLIO TO THE RECEIVERSHIP. 1

CONCLUSION ................................................................................................................................ 4

## **TABLE OF AUTHORITIES**

**Cases**

*FDIC v. Bernstein*, 786 F. Supp. 170  (E.D.N.Y. 1992) ................................................................ 2

*SEC v. Byers*, 637 F. Supp. 2d 166 (S.D.N.Y. 2009) .................................................................... 2

*SEC v. Platinum Mgmt. (NY) LLC*, 2018 U.S. Dist. LEXIS 228937 (E.D.N.Y. 2018) .............. 2, 4

*U.S. v. Stonehill*, 83 F.3d 1156 (9th Cir. 1996) ............................................................................. 2

**Statutes**

28 U.S.C. § 2001 .................................................................................................................. 1, 2, 3, 4

28 U.S.C. § 2004 ...................................................................................................................... 1, 3, 4

**PRELIMINARY STATEMENT**

Daniel Scouler, the Court-appointed Receiver in this action ("**Receiver**"), submits this Memorandum of Law in support of his motion for an Order approving the sale of certain solar photovoltaic generating systems (the "**Key Portfolio**") to SL Empire Solar II, LLC, a subsidiary of Sunlight General Capital, LLC (collectively, "**Sunlight General**") for the sum of $621,000.00, free and clear of all liens, liabilities, and encumbrances.  This motion is brought pursuant to Paragraph 17 of the Court's Second Order Modifying Receivership Order (Dkt. No. 96) (the "**Receivership Order**"),[1] permitting the Receiver sell Receivership Property upon approval of the Court.

**STATEMENT OF FACTS**

The relevant facts are fully set forth in the accompanying Scouler Declaration.

**ARGUMENT**

**I.   THE COURT SHOULD APPROVE THE PROPOSED SALE BECAUSE IT MAXIMIZES THE VALUE OF RECEIVERSHIP ASSETS.**

The Receiver was appointed to, among other things, take complete custody and control of (i) the operation, management, income, property (real, personal, tangible, intangible) and assets of the Receivership Defendants of any nature whatsoever; and (ii) all of the equity interests of Defendants Mark Fobare and Steven Erby in the Receivership Defendants (including without limitation the right to exercise exclusive authority and control of such equity interests and all governance, management and other rights associated therewith) (collectively, the "**Receivership Property**").

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Receivership Order.

1

Pursuant to paragraph 17 of the Receivership Order, the Receiver is authorized to sell Receivership Property outside the ordinary course of business upon notice and prior Court approval.

Sales of receivership property are generally governed by 28 U.S.C. §§ 2001-2007. Under § 2001(a) a receiver may hold a public sale of real property either at the property itself or at the courthouse in the county in which the property is located. Under § 2001(b) a receiver may sell real estate by private sale if the price is supported by appraisals by three different court-appointed appraisers. A receiver's sale of non-real property assets is governed by § 2004, which provides that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." 28 U.S.C. § 2004. Accordingly, while § 2001 contains certain procedural requirements for judicial sales of real property, § 2004 affords the Court wide discretion to set the terms and procedures used to sell personal property to maximize the proceeds from such sales. *See U.S. v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir. 1996) (holding that § 2004 permitted the District Court to dispense with § 2001 appraisal requirement for the sale of personal property).

Here, as explained in the accompanying Declaration of Daniel Scouler, while the proposed sale includes the transfer of title to the parcels of real property on which the photovoltaic generating systems to be sold are located, the highest and best use of those parcels is their present use as the hosting sites for the systems. Consequently, the value of the real estate is incorporated in and inherent in the value of the systems that comprise the Key Portfolio, as reflected in the proposed purchase price to be paid by Sunlight General. As explained in the Scouler Declaration, the real property has negligible value independent of the Key Portfolio.

It is respectfully submitted that, notwithstanding the inclusion of the underlying real property in the Key Portfolio, the proposed sale principally concerns Receivership personalty in the form of the solar equipment and contractual rights that create the solar power generation and value in exchange for which Sunlight General is willing to pay the purchase price of $621,000. The proposed sale is not amenable to the strict requirement of § 2001(a) for a public sale at the location of the property or county courthouse, because the subject systems are located in five different counties; or § 2001(b), because appraisals of the underlying real estate would have little or no bearing on the value of the Key Portfolio that is being sold, and the cost of three appraisals on each of seven sites would be time consuming and unnecessarily expensive to the Receivership estate.

It is also generally acknowledged that a receivership court has broad equitable authority to issue orders necessary for the proper administration of the estate and all of the assets and property thereof. *See SEC v. Byers*, 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009) ("'a district court has extremely broad discretion in supervising an equity receivership and in determining the appropriate procedures to be used in its administration.'" [quoting *FDIC v. Bernstein*, 786 F. Supp. 170, 177 (E.D.N.Y. 1992)]). Thus, even for the sale of real property, a court may dispense with or modify the requirements of § 2001 where compliance would result in waste of the Receivership assets and where the procedures adopted by the receiver are sufficiently shown to have maximized the sale value. *See SEC v. Platinum Mgmt. (NY) LLC*, 2018 U.S. Dist. LEXIS 228937, *116-17 (E.D.N.Y. 2018) ("requiring the Receiver to follow § 2001 at this point would be a waste of Receivership assets and would likely result in the exact same outcome."). Specifically, the *Platinum Management* court, in approving a receivership sale including rights to certain real

property, held that a receiver's efforts to value the asset, market it, and obtain offers at the highest and best value for the Receivership were sufficient to satisfy § 2001. *Id.*, at *15-16.

Accordingly, the Receiver requests that the Court approve the proposed sale to Sunlight General as proposed.

## CONCLUSION

For the reasons set forth above, the Receiver respectfully requests that the Court issue an Order approving the Receiver's proposed sale of the Key Portfolio to Sunlight General.

Dated: February 18, 2021
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

By: s/ Justin A. Heller
Justin A. Heller, Esq.
N.D.N.Y. Bar Number: 103632
Brian D. Deinhart, Esq.
N.D.N.Y. Bar Number: 700226
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
jheller@nhkllp.com
bdeinhart@nhkllp.com

*Attorneys for Dan Scouler, Court-Appointed Receiver*