UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **KEYBANK NATIONAL ASSOCIATION** | : | CASE NO. 1:19-CV-1562-DNH-ATB |
| Plaintiff, | : | |
| v. | : | JUDGE DAVID N. HURD |
| **MONOLITH SOLAR ASSOCIATES LLC, SAE SUN AND EARTH ENERGY INCORPORATED, SOLAR MANAGEMENT GROUP, LLC, SCHENECTADY HETCHELTOWN ROAD SOLAR 1 LLC, SCHENECTADY HETCHELTOWN ROAD SOLAR 2 LLC (FKA MANHEIM STATE ROUTE 167 SOLAR 1 LLC), SCHENECTADY ICE RINK SOLAR 1 LLC, CRARYVILLE TWO TOWN ROAD SOLAR 1 LLC, CRARYVILLE TWO TOWN ROAD SOLAR 2 LLC, MARION WARNER ROAD SOLAR 1 LLC, CITY OF ALBANY SOLAR 1 LLC, ALBANY CSD SOLAR 1 LLC, SCOTIA GLENVILLE CSD SOLAR 1 LLC, MAYFIELD CSD SOLAR 1 LLC, RENSSELAER COUNTY SOLAR 1 LLC, RENSSELAER COUNTY SOLAR 2 LLC (FKA MSAP 4 LLC), SEWARD PINE HILL ROAD SOLAR 1 LLC, SEWARD PINE HILL ROAD SOLAR 2 LLC (FKA MSAP 3 LLC), SCHUYLERVILLE CSD SOLAR 1 LLC, JOHNSONVILLE ROUTE 7 SOLAR 1 LLC, CORDELL ROAD SOLAR 1 LLC, GRANVILLE CSD SOLAR 1 LLC, SMITHVILLE TARBELL ROAD SOLAR 1 LLC, SOLAR ENERGY PROPERTIES LLC, LOAD ZONE A LLC, LOAD ZONE B AND C LLC, LOAD ZONE D AND E LLC, LOAD ZONE F LLC, LOAD ZONE G LLC, ROUTE 7 SOLAR FARM 1 LLC, AMSTERDAM RESERVOIR SOLAR 1** | : | **JUDGMENT** |

| | |
|---|---|
| LLC, CITY OF ALBANY SOLAR 2 LLC, | : |
| CITY OF TROY SOLAR 1 LLC, | : |
| RUSSELL SAGE SOLAR 1 LLC, | : |
| SALEM COUNTY ROUTE 153 SOLAR 1 | : |
| LLC, SAND LAKE EASTERN UNION | : |
| TURNPIKE SOLAR 1 LLC, SOLAR | : |
| VISTA LLC, VISTA MANAGEMENT | : |
| GROUP LLC, NYSDOT SOLAR 1 LLC | : |
| (FKA MSAP 5 LLC), CITY OF ALBANY | : |
| SOLAR 3 LLC (FKA MSAP 6 LLC), | : |
| KEY SOLAR 1 LLC (FKA MSAP 7 | : |
| LLC), COMMUNITY SOLAR 1 LLC | : |
| (FKA MSAP 8 LLC), ALBANY CSD | : |
| SOLAR 2 LLC (FKA MSAP 9 LLC), | : |
| MSAP 10 LLC, MSAP 11 LLC, MSAP 12 | : |
| LLC, MSAP 14 LLC, SOLAR | : |
| MANAGEMENT GROUP 2013 LLC, | : |
| MARK FOBARE, and STEVEN A. ERBY | : |
| | : |
| Defendants. | : |

Before the Court is a notice filed by Plaintiff KeyBank National Association ("**KeyBank**") evidencing that it was served an offer of judgment with terms as set forth herein (the "**Offer of Judgment**") by Dan Scouler, the Court-appointed receiver in these proceedings (the "**Receiver**"), on behalf of the Receivership Defendants.[1] Upon due deliberation and finding that the Court has the requisite authority to render judgment in favor of KeyBank on the claims herein, and with

---

[1] The following Defendants shall be referred to herein collectively as the "**Receivership Defendants**" and each, individually, a "**Receivership Defendant**": Monolith Solar Associates LLC, SAE Sun and Earth Energy Incorporated, Solar Management Group, LLC, Schenectady Hetcheltown Road Solar 1 LLC, Schenectady Hetcheltown Road Solar 2 LLC (fka Manheim State Route 167 Solar 1 LLC), Schenectady Ice Rink Solar 1 LLC, Craryville Two Town Road Solar 1 LLC, Craryville Two Town Road Solar 2 LLC, Marion Warner Road Solar 1 LLC, City of Albany Solar 1 LLC, Albany CSD Solar 1 LLC, Scotia Glenville CSD Solar 1 LLC, Mayfield CSD Solar 1 LLC, Rensselaer County Solar 1 LLC, Rensselaer County Solar 2 LLC (fka MSAP 4 LLC), Seward Pine Hill Road Solar 1 LLC, Seward Pine Hill Road Solar 2 LLC (fka MSAP 3 LLC), Schuylerville CSD Solar 1 LLC, Johnsonville Route 7 Solar 1 LLC, Cordell Road Solar 1 LLC, Granville CSD Solar 1 LLC, Smithville Tarbell Road Solar 1 LLC, Solar Energy Properties LLC, Load Zone A LLC, Load Zone B and C LLC, Load Zone D and E LLC, Load Zone F LLC, Load Zone G LLC, Route 7 Solar Farm 1 LLC, Amsterdam Reservoir Solar 1 LLC, City of Albany Solar 2 LLC, City of Troy Solar 1 LLC, Russell Sage Solar 1 LLC, Salem County Route 153 Solar 1 LLC, Sand Lake Eastern Union Turnpike Solar 1 LLC, Solar Vista LLC, Vista Management Group LLC, NYSDOT Solar 1 LLC (fka MSAP 5 LLC), City of Albany Solar 3 LLC (fka MSAP 6 LLC), Key Solar 1 LLC (fka MSAP 7 LLC), Community Solar 1 LLC (fka MSAP 8 LLC), Albany CSD Solar 2 LLC (fka MSAP 9 LLC), MSAP 10 LLC, MSAP 11 LLC, MSAP 12 LLC, MSAP 14 LLC, and Solar Management Group 2013 LCC.

capitalized terms having the meaning given to them in KeyBank's *Verified First Amended Complaint for Money, Foreclosure of Security Interests, Judicial Sale of Real Property via Receiver and Related Relief* (Doc. 22; the "**FAC**") unless otherwise defined herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT, subject in all respects to the terms of the order appointing the receiver, as such may have been modified (*see* Docs. 7, 30 and 96, collectively, the "**Appointment Order**"), KeyBank is entitled to judgment in its favor and against the Receivership Defendants as follows:

1. On its First and Third Claims for Relief, KeyBank is awarded judgment against the Receivership Defendants, jointly and severally, in the sum of $175,551.31 as of June 30, 2021, plus interest at (i) the default contract rate from and after June 30, 2021, until the date of judgment, and (ii) the statutory rate set forth in CPLR 5004 from and after the date of judgment until paid;

2. On its Second, Sixth, Ninth, Twenty-Seventh, Thirtieth, and Thirty-Third Claims for Relief, KeyBank is awarded possession of (a) the $488K Collateral, (b) the Revolving Collateral, (c) the $850K Collateral, (d) the Collateral (as defined in the Lessee Security Agreements), (e) Monolith Solar's equity interests in the Lessees, and (f) the Guarantor Collateral (collectively, the "**KeyBank Collateral**") provided, however, that nothing in this Judgment shall operate or be construed as a finding or binding determination effective against any third-parties concerning (i) KeyBank's interests, if any, in specific Receivership Property claimed as KeyBank Collateral, (ii) the extent of any Receivership Property (as that term is defined in the Appointment Order), or (iii) the priority of any rights, ownership interests, liens, or security interests in any KeyBank Collateral or Receivership Property; provided, further, that, unless the Court shall order otherwise, the Receiver shall retain possession of any KeyBank Collateral for the purposes of use, marketing, and disposition thereof in accordance with the Appointment Order with due notice by

the Receiver to any affected parties, including an opportunity for such third parties (but not any Defendants) to object, and any further order of the Court, with the proceeds of such disposition applied as further ordered by the Court;

3. On its Fourth, Seventh, Tenth, and Thirty-Second Claims for Relief, KeyBank is awarded judgment against the Receivership Defendants, jointly and severally, for the amount of all costs and expenses that KeyBank has incurred or may hereafter incur, including its reasonable attorney fees and expenses, to collect the indebtedness due KeyBank, to be determined by further order of the Court;

4. On its Fifth and Thirty-First Claims for Relief, KeyBank is awarded judgment against the Receivership Defendants, jointly and severally, in the sum of $3,606,917.02 as of June 30, 2021, plus interest at the default contract rate from and after June 30, 2021, until paid;

5. On its Eighth and Thirty-First Claims for Relief, KeyBank is awarded judgment against the Receivership Defendants, jointly and severally, in the sum of $547,599.26 as of June 30, 2021, plus interest at (i) the default contract rate from and after June 30, 2021, until the date of judgment, and (ii) the statutory rate set forth in CPLR 5004 from and after the date of judgment until paid;

6. On its Eleventh Claim for Relief, for judgment against Monolith Solar, for the sum of $930,081.37 as of June 30, 2021, plus interest at (i) the default contract rate from and after June 30, 2021, until the date of judgment, and (ii) the statutory rate set forth in CPLR 5004 from and after the date of judgment until paid;

7. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Twelfth Claim

4

for Relief, KeyBank is hereby awarded judgment against Schenectady Hetcheltown Road Solar 1 LLC for the sum of $424,147.62 plus pre- and post-judgment interest until paid;

8. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Thirteenth Claim for Relief, for judgment against Johnsonville Route 7 Solar 1 LLC for the sum of $22,115.87 plus pre- and post-judgment interest until paid;

9. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Fourteenth Claim for Relief, for judgment against Craryville Two Town Road Solar 1 LLC for the sum of $20,546.48 plus pre- and post-judgment interest until paid;

10. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Fifteenth Claim for Relief, for judgment against Schenectady Ice Rink Solar 1 LLC for the sum of $19,180.20 plus pre- and post-judgment interest until paid;

11. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Sixteenth Claim for Relief, for judgment against Marion Warner Road Solar 1 LLC for the sum of $32,908.84 plus pre- and post-judgment interest until paid;

12. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Seventeenth Claim for Relief, for judgment against Seward Pine Hill Road Solar 1 LLC for the sum of $100,010.20 plus pre- and post-judgment interest until paid;

13. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its <u>Eighteenth</u> Claim for Relief, for judgment against Craryville Two Town Road Solar 2 LLC for the sum of $25,057.72 plus pre- and post-judgment interest until paid;

14. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its <u>Nineteenth</u> Claim for Relief, for judgment against Albany CSD Solar 1 LLC for the sum of $54,153.29 plus pre- and post-judgment interest until paid;

15. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its <u>Twentieth</u> Claim for Relief, for judgment against Scotia Glenville CSD Solar 1 LLC for the sum of $105,373.09 plus pre- and post-judgment interest until paid;

16. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its <u>Twenty-First</u> Claim for Relief, for judgment against Mayfield CSD Solar 1 LLC for the sum of $33,690.78 plus pre- and post-judgment interest until paid;

17. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on n its <u>Twenty-Second</u> Claim for Relief, for judgment against City of Albany Solar 1 LLC for the sum of $11,816.97 plus pre- and post-judgment interest until paid;

18. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its <u>Twenty-Third</u>

Claim for Relief, for judgment against Schuylerville CSD Solar 1 LLC for the sum of $19,484.75 plus pre- and post-judgment interest until paid;

19. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Twenty-Fourth Claim for Relief, for judgment against Rensselaer County Solar 1 LLC for the sum of $88,535.00 plus pre- and post-judgment interest until paid;

20. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Twenty-Fifth Claim for Relief, for judgment against Cordell Road Solar 1 LLC for the sum of $15,533.58 plus pre- and post-judgment interest until paid;

21. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Twenty-Sixth Claim for Relief, for judgment against Granville CSD Solar 1 LLC for the sum of $51,625.00 plus pre- and post-judgment interest until paid;

22. Without prejudice to KeyBank's right to obtain monetary judgment(s) against any Receivership Defendant for lease payments due after the filing of the FAC, on its Twenty-Ninth Claim for Relief, for judgment against Monolith Solar, for the sum of $1,024,179.39 plus pre- and post-judgment interest until paid;

23. On its Thirty-Fourth Claim for Relief, the Court finds that the Mortgages are valid and subsisting liens on the Mortgaged Property and hereby orders that (a) all liens on the Mortgaged Property shall be marshalled, (b) in accordance with the Appointment Order with due notice by the Receiver to any affected parties, including an opportunity for such parties (but not Defendants) to object, and other orders of the Court as may be applicable, the Mortgaged Property

shall be sold by the Receiver (or any successor receiver), together with or separate from one another and/or other property, free and clear of all interests of the Receivership Defendants (and otherwise as the Court may order after the above-referenced notice and opportunity to object), and (c) the proceeds of such sale(s) shall be applied as further ordered by the Court, including, as appropriate, to pay sums due KeyBank by virtue of the obligations secured by such Mortgages; provided, however, that notwithstanding anything in this Judgment to the contrary, nothing in this Judgment shall (i) operate or be construed as a finding or binding determination against any third parties regarding the priority of any rights, property interests, liens, security interests, or other interests in the Mortgaged Property or any solar panels, equipment, fixtures, or other personal property located thereon, or (ii) release, impair, extinguish, subordinate, prime, or otherwise affect any right, property interest, lien, security interest, or other interest (x) in the Mortgaged Property that is senior to the Mortgages, or (y) of any third parties in any solar panels, equipment, fixtures, or other personal property located on the Mortgaged Property.

24. This is a final, appealable order. There is no just reason for delay.

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
DAVID N. HURD
UNITED STATES DISTRICT JUDGE