UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

                              Plaintiff,

-against-                        Case No. 1:19-cv-01562-DNH-ATB

MONOLITH SOLAR ASSOCIATES LLC, et al.,

                              Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION
## TO SELL GRANVILLE AND COLONIE PROPERTIES

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Daniel Scouler, Court-Appointed Receiver*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

NH2021-2106082335-768154

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

STATEMENT OF FACTS ..............................................................................................................1

ARGUMENT ...................................................................................................................................1

    I.   THE COURT SHOULD APPROVE THE PROPOSED SALE BECAUSE IT MAXIMIZES THE VALUE OF THE RECEIVERSHIP PROPERTY. ..................1

CONCLUSION ................................................................................................................................3

## **TABLE OF AUTHORITIES**

**Cases**

*FDIC v. Bernstein*, 786 F. Supp. 170  (E.D.N.Y. 1992) ................................................................ 2

*SEC v. Byers*, 637 F. Supp. 2d 166 (S.D.N.Y. 2009) .................................................................... 2

*SEC v. Platinum Mgmt. (NY) LLC*, 2018 U.S. Dist. LEXIS 228937 (E.D.N.Y. 2018) .................. 2

**Statutes**

28 U.S.C. § 2001 ............................................................................................................................ 2

## PRELIMINARY STATEMENT

Daniel Scouler, the Court-appointed Receiver in this action ("**Receiver**"), submits this Memorandum of Law in support of his Motion for an Order approving the proposed sales of certain Receivership properties, located at 33 Ritchie Road, Middle Granville, New York (Tax ID # 98.-1-48) (the "**Granville Property**"), and 4257 Albany Street, Colonie, New York (Tax ID # 29.3-1-29) (the "**Colonie Property**"), which are currently owned by Receivership Defendant Load Zone F LLC, a subsidiary of Defendant Monolith Solar Associates LLC (collectively, "**Monolith**"). This motion is brought pursuant to Paragraph 17 of the Court's Second Order Modifying Receivership Order [Dkt. No. 96] (the "**Receivership Order**"),[1] permitting the Receiver sell Receivership Property upon approval of the Court.

## STATEMENT OF FACTS

The relevant facts are fully set forth in the accompanying Scouler Declaration.

## ARGUMENT

**I.   THE COURT SHOULD APPROVE THE PROPOSED SALE BECAUSE IT MAXIMIZES THE VALUE OF THE RECEIVERSHIP PROPERTY.**

The Receiver was appointed to, among other things, take complete custody and control of (i) the operation, management, income, property (real, personal, tangible, intangible) and assets of the Receivership Defendants of any nature whatsoever; and (ii) all of the equity interests of Defendants Mark Fobare and Steven Erby in the Receivership Defendants (including without limitation the right to exercise exclusive authority and control of such equity interests and all governance, management and other rights associated therewith) (collectively, the "**Receivership Property**"). Pursuant to Paragraph 17 of the Receivership Order, the Receiver is authorized to

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Receivership Order.

1

sell Receivership Property outside the ordinary course of business upon notice and prior Court approval. Judicial sales of real property are governed by 28 U.S.C. § 2001.

Section 2001 generally requires that judicial sales of real property maximize the property's value through either public auction or after a series of appraisals. However, it is well-established that a receivership court has broad equitable authority to issue orders necessary for the proper administration of the estate and all the assets and property thereof. *See SEC v. Byers*, 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009) ("'a district court has extremely broad discretion in supervising an equity receivership and in determining the appropriate procedures to be used in its administration.'" [quoting *FDIC v. Bernstein*, 786 F. Supp. 170, 177 (E.D.N.Y. 1992)]). Thus, a court may dispense with or modify the requirements of Section 2001 where compliance would result in waste of the receivership resources and where the procedures adopted by a receiver are likely to obtain fair value. *See SEC v. Platinum Mgmt. (NY) LLC*, 2018 U.S. Dist. LEXIS 228937, *116-17 (E.D.N.Y. 2018) ("requiring the Receiver to follow § 2001 at this point would be a waste of Receivership assets and would likely result in the exact same outcome.").

As set forth in the Scouler Declaration, the proposed sale maximizes the value of the Granville and Colonie Properties because (1) the Properties were marketed for sale by an independent real estate agent, duly approved to list the Properties for sale by the Court's June 9, 2021 Order Authorizing Sale of Assets Free and Clear of Liens and Encumbrances [Dkt. No. 301]; (2) both Properties' proposed sale prices exceed the Court-approved marketing prices, which were provided to all interested parties in the Receiver's May 28, 2021 Motion to Retain Brokers without objection; and (3) the Receiver has determined in his best business judgment that the Properties are unsuitable for solar development, and thus should not be retained by Monolith.

## **CONCLUSION**

For the reasons set forth above, the Receiver respectfully requests that the Court issue an Order granting the relief requested in the Scouler Declaration.

Dated: September 20, 2021  
       Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

By: s/ Justin A. Heller  
Justin A. Heller, Esq.  
N.D.N.Y. Bar Number: 103632  
Brian D. Deinhart, Esq.  
N.D.N.Y. Bar Number: 700226  
80 State Street, 11th Floor  
Albany, New York 12207  
(518) 449-3300  
jheller@nhkllp.com  
bdeinhart@nhkllp.com  

*Attorneys for Dan Scouler, Court-Appointed Receiver*