UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>                                                 Plaintiff,<br>      -against-<br><br>MONOLITH SOLAR ASSOCIATES LLC, et al.,<br><br>                                               Defendants. | Case No. 1:19-CV-1562-<br>DNH-ATB |

## ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR
## OF LIENS AND ENCUMBRANCES

UPON the Joint Motion of Daniel Scouler, the Court appointed Receiver herein and Capital Communications Federal Credit Union ("CCFCU"), Intervenor and priority security interest holder in Solar Project Assets proposed to be sold herein, dated September 28, 2021 (the "**Motion**") seeking an Order approving the sale free and clear of all liens and encumbrances of certain Receivership Property consisting of (a) certain Solar Project Assets including solar photovoltaic generation facilities ("**PV Systems**") financed by CCFCU and related Power Purchase Agreements ("**PPA's**") pledged to CCFCU (collectively "Solar Project Assets") pursuant to the terms of an Asset Purchase Agreement and related documentation dated September 29, 2021 by and among Monolith Solar Associates LLC, Solar Management Group, LLC and Salem County Route 153 Solar 1, LLC (collectively, "**Monolith**"), as sellers, and GMES Solar 3, LLC ("**GMES3**"), as purchaser, and (b) certain real property upon which certain of the subject PV Systems are located, subject to liens of KeyBank National Association ("**KeyBank**"), pursuant to the terms of the Sixth Amendment to Asset Purchase Agreement ,dated September 29, 2021 by and among Monolith, as seller, and GMES Solar 2, LLC **("GMES2"**), as purchaser (GMES3 and GMES2 collectively, "**GMES**"), all as more particularly described in the Motion (collectively, the

"**Sales**"); and it appearing that the Sales are authorized under ¶ 17 of this Court's Order of Appointment dated December 20, 2019 [Dkt. No. 7] as modified [Dkt. Nos. 30, 96], subject to Court approval, that the proceeds of Sales would be beneficial to the Receivership Estate; the Court finds as follows:

      A.      The Court has authority to approve the Motion and the Sale pursuant to 28 U.S.C. §§ 2001 and 2004 and F.R.C.P. 66.

      B.      Proper and sufficient notice of the Motion has been provided. No other or further notice is required, and a reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions pursuant thereto has been afforded to all interested persons and entities entitled to notice of the Motion. Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

      C.      Approval of the Sale free and clear of liens and encumbrances is necessary in order to facilitate the Receiver's sale of assets and will not prejudice any party with an interest in the subject assets; and each entity with a lien or encumbrance upon the subject assets has consented to the Sale or did not object to the Motion and is deemed to have consented to the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

      1.      The Motion is granted.

      2.      The Receiver is authorized to take all actions he reasonably deems necessary to consummate the Sales, free and clear of all liens and encumbrances as set forth above, with the liens of CCFCU against the Solar Project Assets, and KeyBank against the real estate proposed to be sold, to attach to the proceeds of sale, in their respective orders of priority as set forth in the Motion.

3. Pursuant to the Stipulation between the Receiver and CCFCU dated September 22, 2021 attached as Exhibit "D" to the Motion as filed within the Court:

    A. Receiver's counsel, Nolan Heller Kauffman LLP, shall hold Thirty Thousand ($30,000.00) Dollars of the proceeds of sale otherwise allocable to CCFCU referred to in the Motion in escrow pending written agreement between the Receiver and CCFCU or an order of the Court ordering the release of such funds.

    B. The escrowing of the aforesaid proceeds otherwise allocable to CCFCU is subject to a full reservation of rights by the Receiver and CCFCU to dispute or contest any and all claims or assertions based upon surcharge issues of any kind, "direct", "indirect" or otherwise.

    C. Except as otherwise provided by the Stipulation, this Order is without prejudice to the rights of the Receiver or any other party with legal standing to seek surcharge or recoupment from CCFCU or any other creditor or other party (excluding GMES) for costs and expenses incurred by the Receiver in connection with this case based upon the operative facts and applicable law.

    D. The aforesaid Stipulation is incorporated in this Order by reference.

4. Any remaining objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled are overruled in all respects and denied.

5. The Court shall retain exclusive jurisdiction with respect to all matters, disputes or controversies arising from or relating to this Motion.

Dated:    October   21, 2021

David N. Hurd
U.S. District Judge